# Bashinsky & Co. v. Seals.

*Action against Warehouseman to recover Damages for Loss of Cotton.*

1. *Action against warehouseman for loss of cotton; sufficiency of complaint.*—In an action against a warehouseman to recover damages for the loss of six bales of cotton, it was averred in the complaint that during the season beginning September 1, 1899, plaintiffs were engaged in the business of buying and selling cotton as brokers; that the defendant was the proprietor of a warehouse in the same town, in which he stored and weighed cotton for hire; that plaintiffs and defendant had many dealings together in the cotton business; that defendant issued a receipt for each bale of cotton stored with him showing the marks and weights; that there had arisen between plaintiffs and defendant an established custom in the manner of conducting their cotton tranasactions, by which, when plaintiffs had bought cotton stored in de-

fendant's warehouse and desired the cotton to be shipped, he gave defendant orders therefor, and it became the duty of the defendant to send the cotton to a cotton compress, from which the defendant would take compress receipts and would keep such receipts until the plaintiffs presented the warehouse receipts, when he would deliver to the plaintiff the compress receipts for the corresponding number of bales evidenced by the warehouse receipts, and which had been ordered by plaintiffs to be shipped; that the compress receipts did not describe the cotton in particular; that in making the exchange between the plaintiffs and the defendant of the warehouse receipts, it was immaterial what receipts were delivered to the warehouseman for the compress receipts, provided the warehouse receipts called for the cotton which had been ordered to be shipped out previous to the time of the exchange of such receipts; that on September 21, 1899, in making the exchange of the warehouse receipts held by him for the compress receipts which were taken or should have been taken by the defendant when he turned over cotton to the compress ordered by the plaintiffs to be shipped out, it was discovered that defendant did not have compress receipts for six bales of cotton which plaintiffs had ordered shipped out, and for which plaintiffs presented warehouse receipts issued by the defendant; that on account of the manner in which plaintiffs and the defendant did business with the compress company, it was impossible to ascertain what particular six bales of cotton defendant had failed to obtain receipts for; that by reason of the failure of the defendant to obtain receipts for such six bales of cotton from the compress company, the compress receipts had never been delivered to the plaintiff, and he is unable to require the compress company to deliver him six bales of cotton which he should have received; that defendant, by his negligence, failed to obtain compress receipts for such six bales of cotton, or by his negligence allowed said receipts to be lost, stolen or misplaced, and plaintiff's property therein has been wholly lost and destroyed by reason of defendant's negligence. *Held*: Said complaint is insufficient to present a cause of action, and a demurrer thereto upon said ground should be sustained.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Bashinsky & Co., the appellants, against the appellee, J. M. Seals    The com-

plaint was in words and figures as follows: "Plaintiff claims of defendant the sum of $275, damages to plaintiff caused by the defendant by reason of defendant's wrongful conduct to the plaintiff in tort as shown by the facts following: ' Heretofore during the cotton season, beginning September 1st, 1899, plaintiff was engaged in the business of buying and selling cotton as a broker, and defendant was the proprietor of cotton warehouse in the city of Troy, storing and weighing cotton for hire; that during the present and previous cotton season plaintiff and defendant have had considerable business transactions in the cotton business; defendant issued a receipt for each bale of cotton stored with him, showing the mark and weight thereof, and that said cotton was held in defendant's warehouse subject to said receipt, on paying the customary charges and all advances, acts of providence and fire excepted. And plaintiff alleges that there is a cotton compress in Troy, and when cotton is shipped out of the warehouse it goes through the compress. That there has arisen between the plaintiff and defendant an established custom in the manner of conducting their cotton transactions, so that when plaintiff is the holder of warehouse receipts for cotton in defendant's warehouse, having bought said cotton in due course of business, and desires said cotton to be shipped, he gives the defendant a written order to ship cotton bearing certain marks. Whereupon it becomes the duty of the warehouseman to send the cotton to the cotton compress, and he sends therewith a dray ticket, which does not describe the cotton, and the compress punches one hole in such ticket for each bale of cotton received. When the cotton so ordered out is delivered in this manner to the compress, the warehouseman takes his dray tickets, and receives from the compress, compress receipts for the number of bales of cotton shown by the punches in the dray tickets. The warehouseman keeps the compress receipts until the broker presents his warehouse receipts, whereupon the warehouseman delivers to the broker compress receipts for the number of bales of cotton ordered out, and receives in exchange therefor his own warehouse receipts for the same number of bales of cot-

ton, said warehouse receipts being receipts for cotton which had previously been ordered out by the broker, the broker delivering to the warehouseman warehouse receipts for any cotton which he had ordered out in exchange for the compress receipts, which latter receipts do not describe any cotton by their marks or otherwise. All such cotton so delivered to the compress has the plaintiff's private mark on the same, and the compress company delivers any of the cotton in its possession so marked to the holder of the compress receipts for plaintiff's cotton, delivering one bale for each bale contained in the receipts presented. In making the exchange between the plaintiff and defendant of the compress and warehouse receipts, it is immaterial what receipts are delivered to the warehouseman for the compress receipts, provided the warehouse receipts call for the cotton which has been ordered to be shipped out previous to the time of the exchange; and plaintiff alleges that it is customary to deliver the oldest receipts first in making the exchange. Plaintiff alleges that in September, 1899, he held considerable cotton in defendant's warehouse, stored for a reward for which he held warehouse receipts, and prior to September 21, 1899, plaintiff had ordered a lot of his cotton shipped out of said warehouse, according to said custom, and on to-wit, September 21, 1899, plaintiff and defendant were exchanging warehouse receipts calling for the cotton which plaintiff had ordered shipped out, for the compress receipts which defendant had received in shipping out said cotton, which receipts defendant had or should have obtained from the compress company for all of the cotton which plaintiff had ordered shipped out, for which he held receipts in defendant's warehouse, when it was discovered that defendant did not have compress receipts for all of the cotton which plaintiff had ordered shipped out, and for which plaintiff presented warehouse receipts in defendant's warehouse, but was short to the amount of six bales of cotton of the average weight of to-wit, 500 pounds, and of the average grade of to-wit, middling. That on account of said manner in which plaintiff and defendant did busi-

ness with the compress company, it was impossible to ascertain what particular six bales of cotton defendant had failed to obtain receipts for, in exchange for the receipts which plaintiff presented of the cotton plaintiff had ordered shipped; and in making said exchange plaintiff retained receipts for six bales of cotton which he had ordered shipped out of defendant's warehouse, and which defendant had reported had been delivered to the compress company. That subsequent thereto and upon several occasions plaintiff made similar shipments of his cotton out of defendant's warehouse in the manner above stated, and in making the exchange of receipts plaintiff exchanged the oldest receipts held by him in order to stop the storage, so that the receipts which were first retained by him were delivered to the defendant on the second exchange of receipts after said shortage, and other receipts were retained by the plaintiff, and similarly at such exchange of receipts, plaint'ff retained six receipts, and now holds six receipts for cotton stored in defendant's warehouse, for which number of bales of cotton plaintiff has never received compress receipts, nor has the same been otherwise delivered to plaintiff, nor are they in defendant's warehouse, nor have their value been accounted for to plaintiff. And plaintiff alleges that without compress receipts for said six bales of cotton he could not require said compress company to deliver him the six bales of cotton which he should have received, which he has in fact never received And plaintiff alleges that defendant, by his negligence, failed to obtain compress receipts for said six bales of cotton, or having obtained same from said compress, defendant, by his negligence, allowed said receipts to be lost, stolen or misplaced, and without said receipts said compress has failed to deliver to plaintiff said six bales of cotton, and plaintiff's property therein has been wholly lost and destroyed by reason of defendant's negligence, wherefore he sues."

The defendant demurred to the complaint, among others, upon the following grounds: 1. Because said complaint fails to show that plaintiff has any cause of action against the defendant. 2. For further demurrer defendant says, that the negligence alleged against

defendant in said complaint are conclusions, and fails to show sufficiently of what defendant's negligence consisted. This demurrer was overruled.

The cause was then tried upon issue joined upon the plea of the general issue and defendant's special plea.

Under the opinion on the present appeal it is unnecessary to set out the facts of the case in detail. There were verdict and judgment for the plaintiff. Thereafter the defendant made a motion for a new trial upon several grounds, among which were the following: 1. Because the plaintiff had no cause of action, and the demurrers to the complaint should have been sustained, and the motion to strike granted. 2. Because the court erred in refusing to give to the jury the affirmative charge asked in writing by defendant. This motion was granted and to this ruling the plaintiff duly excepted. From the judgment granting a new trial the present appeal is prosecuted, and the rendition of such judgment is assigned as error.

· Foster, Samford & · Carroll. for appellants.—The complaint states a cause of action and shows that under the custom that had been established between the plaintiffs and the defendant, the defendant was under the duty to receive compress receipts from the compress company for cotton ordered out of his warehouse by the plaintiffs, and to deliver these receipts to the plaintiffs. A warehouseman is only bound for ordinary diligence, but when the goods are not accounted for, negligence is presumed and the burden is on the warehouseman to show their loss, while in the exercise of due diligence, which varies with the circumstances, and is a question of fact for the jury.—*Davis v. Hurt*, 114 Aa. 149; *Seals v. Edmondson*, 71 Ala. 509; *Prince v. Ala. St. Fair*, 106 Ala. 346, 347.

Even if the compress company was the direct cause of the loss, through negligence, Seals could have reasonably foreseen that such act would occur, he knowing the custom of the compress, after his own negligence, and therefore, is liable.—16 Amer. & Eng: Ency. of Law,

446-7; 1 Jaggard on Torts, 73-4; *Jones v. Finch,* 128 Ala. 217.

D. A. BAKER, *contra.*

SHARPE, J.—If the delivery of plaintiff's cotton to the compress company was authorized, that delivery ended all duty and liability which the law imposed on defendant as warehouseman with respect to the cotton. The taking from the compress company of a receipt for the cotton was not embraced in that duty, unless by special agreement, express or implied, the authority to deliver was conditioned upon the procurement of a receipt, in which case it may be that the plaintiff, if not acquiescing in the delivery, could have ignored it and held the defendant to answer either in assumpsit for a breach of the contract of bailment, or in tort as for a breach of duty attached by the law to that contract. Under such conditions the failure to deliver or the wrongful disposition of the cotton would constitute the gravamen of an action appropriate for recovery. This complaint does not state such a case. The conduct it attributes to defendant as being tortious and damaging is an alleged negligent failure on his part to obtain receipts showing delivery of the cotton to the compress company, the delivery itself not being complained of. How any duty to obtain a receipt was made incumbent on defendant is not shown, unless by a custom which is alleged to have existed as between the parties. A course of dealing or customary mode of transacting business *inter partes* may afford an inference of what the parties may have silently understood in regard to a particular transaction falling within the custom, and may, therefore, be evidential of an agreement. But from the facts averred in this complaint, including the custom of taking receipts for cotton carried from the warehouse to the compress company, it does not follow as a legal conclusion that there was any contract whereby the custom was made to operate as a limitation upon the authority given by plaintiffs to the defendant to deliver the cotton in question, or whereby the defendant became otherwise bound to procure a receipt. Under

[Arnold v. Cofer *et al.*]

the facts as averred, defendant's omission in that regard amounted to a departure from the alleged course of business—a breach of custom and not a breach of legal duty, either general or contractual. Failing to show such a breach, the complaint was not only subject to the demurrer, but was insufficient to present a cause of action. Whether the mere omission to obtain a receipt could have proximately caused a loss of the cotton delivered is not a question raised by this record.

The judgment granting a new trial involved no error, and will be affirmed.