# Marbury Lumber Co. *v.* Woolfolk, *et al.*

### *Bill to Foreclose Mortgage.*

(Decided January 15, 1914. Rehearing denied April 16, 1914. 65 South. 43.)

1. *Husband and Wife; Security; Mortgage; Estoppel.*—Where the husband and wife executed a mortgage on property belonging to them in severalty to secure what purported to be a loan to them, prima facie, the wife was liable; but she was not estopped to show that she executed the mortgages as surety for the husband in violation of section 4497, Code 1907.

2. *Same; Mortgage or Pledge; Intention.*—Where the wife made the husband her agent by her execution of a mortgage with her husband on property belonging to them in severalty, to enable them to carry on a sawmilling business, the mortgagee had a right in good faith to deal with the husband as such, and where the mortgagee had no communication with the wife, but relied on her voluntary ratification of the contract, it was immaterial to the wife's liability whether she intended to join her husband in the business or whether the money was sent to him alone and statements of accounts furnished him alone.

APPEAL from Russell Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by the Marbury Lumber Company against Virginia H. and W. H. Woolfolk to foreclose a mortgage. Cross bill by the wife setting up that the mortgage on her property was void because given to secure the husband's debt. There was decree granting relief to the cross complainant, and complainant appeals. Reversed and remanded.

RUSHTON, WILLIAMS & CRENSHAW and B. DEG. WADDELL, for appellant. The cross complainant has failed to make out the case alleged in the crossbill, but is liable as principal under the contract and her mortgage to secure the same is valid and enforceable.—*Miles v. Hudmon & Co.,* 7 South. 739; *Lunsford v. Harrison,* 131 Ala. 263; *Am. F. L. M. Co. v. Thornton,* 108 Ala. 252; *Gib-*

*son v. Wallace,* 147 Ala. 322; *Sample v. Guyer,* 143 Ala. 613. A husband and wife may be partners, and there is no element of suretyship in the relation of partners or joint principals.—*Bramlett v. Kyle,* 168 Ala. 325; *Compton v. Smith,* 120 Ala. 233; *Belser v. Bank,* 105 Ala. 513. The wife was originally liable for the debt. —*Hancey v. Powell,* 55 South. 97.

GLENN & DEGRAFFENRIED, for appellee The decree of the lower court should be affirmed on the authority of *Elkins v. Bank of Henry,* 60 South. 96; *Spencer v. Leland,* 59 South. 593; *Shook v. B. & L. Assn.,* 140 Ala. 577; *Gibson v. Clark,* 132 Ala. 374; *Russell v. Peavey,* 131 Ala. 560; *Richardson v. Stevenson,* 122 Ala. 301.

SAYRE, J.—Complainant company (appellant) filed this bill to foreclose a mortgage it had taken on properties belonging in severalty to W. H. and Virginia Woolfolk, man and wife, to secure what purported to be a loan of money to them. Foreclosure was decreed as to the lands and other property of the husband; but, on the wife's cross-bill, her lands were relieved of the mortgage and the instrument canceled, on the ground that it was given as security for the husband's undertaking. From the decree, in so far as it denied foreclosure against the wife's property and granted relief on her cross-bill, complainant has appealed.

The law of such cases has been frequently under consideration in this court, and, for the most part, it may be said to be well settled. Usually the result turns upon the facts, and the usual question is whether, notwithsanding the form of the transaction, the wife has attempted to secure a debt entirely her husband's upon which she is not bound either separately or jointly. A married woman has full legal capacity to contract as

a feme sole, except as otherwise provided by law. One exception, provided by the statute, is that the wife shall not, directly or indirectly, become surety for the husband.—Code, §§ 4492, 4497. The form of the engagement into which the parties here entered makes a prima facie case for appellant. But the wife is not estopped by the mere form into which the transaction has been cast to show its true nature and purpose; for otherwise the statute made for the protection of married women would fail utterly to effectuate the legislative purpose.

In this case the controlling facts are practically undisputed; at least there can be no serious doubt as to what they are. The husband applied to the Marbury Company, with which he had no previous relations, for a loan of money to be made to himself and wife to enable them to carry on a sawmilling business. He proposed in the beginning that the transaction should be, in truth and fact, precisely what it appears to be. The Marbury Company had no communication whatever with the wife. After the contract was prepared in exact accordance with the husband's proposal, it was carried by him to his wife, and she, after deliberation, executed the same. On the testimony adduced, it seems necessary to concede that Mrs. Woolfolk on her part understood and intended that, as between them, she was making herself surety for Woolfolk's undertaking; but the Marbury Company knew nothing of that. So far as it knew, the wife's contract and intent was accurately and fully shown by the paper writing she had executed. It seems necessary also to concede that the wife had beforehand given her husband no authority to represent her in the negotiation for such a contract, or to represent her at all in the particular transaction. But, after the contract had been drawn and was submitted to her by her husband, she joined in the execution of the same, and

this, for anything averred or proved to the contrary, she did voluntarily and with full knowledge of its meaning and effect; at least, in the absence of averment and proof that her signature was procured by fraud or undue influence, that effect must be given to her joining in the contract under the circumstances shown.—*Walker v. Nicrosi,* 135 Ala. 357, 33 South. 161.

Mrs. Woolfolk's answer and cross-bill proceed distinctly upon the single theory and averment that the mortgagee prepared and entered into the mortgage contract with the intent of making her surety for the debt of her husband. In reaching the conclusion that this theory and averment are unfounded in fact, and that the contract on its face correctly represents the intention of the mortgagee, we have consulted the testimony of Woolfolk alone. Appellee's contention rests upon his testimony alone, and that testimony abundantly sustains our version of the facts.

Appellee was empowered to enter into just the contract shown by the record. If appellant had been advised of the fact that thereby appellee was becoming surety for her husband, the contract would be avoidable under the statute. But, since appellant, without negotiation or communication with the wife, accepted the statements and representations of the husband, caused the contract to be drawn to meet what it supposed to be the lawful purposes of the parties with whom it proposed to deal, and parted with its money on the faith and credit of the wife's voluntary ratification, all in bona fide reliance upon the fact that the form of the contract expressed the true purpose and intent of all the parties, to permit the wife's defense to prevail on the ground that in her separate dealing with her husband he and she intended that she should become surety for his undertaking would give effect to a fraud in law upon

the appellant.   If there be countervailing   considerations, arising out of the nature of the relation between husband and wife and out of the separate dealings between them, which may, peradventure, be made effective against appellant, they have not been set up in the way of answer or cross-bill, nor have they been made to appear in the proof.

If the loan was, in fact, a joint loan to Mrs. Woolfolk and her husband, it is wholly immaterial whether Mrs. Woolfolk intended to join her husband in the actual performance of the undertaking into which the money was to go, or whether Woolfolk alone made use of the money after it was borrowed.   Nor is it of consequence, in view of the uncontradicted facts concerning the original transaction, that the money was subsequently sent to Woolfolk and statements of account furnished to him alone.   By the contract she made her husband her agent, and the mortgagee, having entered into the arrangement in good faith, had a right to deal with him as such.— *Lunsford v. Harrison,* 131 Ala. 263, 31 South. 24; *American Freehold Mtg. Co. v. Thornton,* 108 Ala. 258, 19 South. 529, 54 Am. St. Rep. 148.

Our conclusion is that the decree of the chancery court   was   erroneous, in that it denied foreclosure against Mrs. Woolfolk's separate property and granted relief on her cross-bill.   The decree will be reversed, and the cause remanded, to the end that further proceedings may be had in accordance with the view we have expressed.

Reversed and remanded.

ANDERSON, McCLELLAN, and SOMERVILLE, JJ., concur.