## Adams, *et al. v.* Davidson.

*Bill to Cancel Deeds and Notes.*

(Decided April 22, 1915.  68 South. 267.)

1. *Equity; Bill; Multifariousness.*—A bill which seeks to cancel for fraud separate assignments and conveyances made to different persons, but secured by the same person, as the result of the same transaction, is not multifarious.

2. *Cancellation of Instrument; Bill; Fraud.*—A bill alleging that after complainant's husband had deserted her, his brother-in-law,

cashier of a bank, told complainant that her husband was short at the bank, that the shortage must be paid, and that if she would execute certain assignments and releases to him he would see that they were paid, and being ignorant of her liability, and relying on representations of the brother-in-law of her husband, cashier of the bank, executed the papers, does not charge such fraud or undue influence as invalidates the transfer.

3. *Husband and Wife; Surety for Husband; Liability.*—Where the husband was short at the bank, and had deserted his wife, and the wife requested the brother-in-law of her husband to help her pay the amount of the shortage to avoid exposure, and she secured some money from him, and the rest from others, and thereby paid these debts, she did not become a surety for an existing debt of her husband contrary to the provisions of section 4497, Code 1907, in such sense as to invalidate the assignments and releases executed by her to secure the money.

4. *Same.*—But where a wife released to a bank officer certain rent notes on her land, the notes being held by him as collateral security for the debt of the husband, she was a surety for her husband as to such notes, and was entitled to have the release cancelled.

APPEAL from Wilcox Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Lillie M. Davidson against J. T. Adams and J. G. Donald and others. Judgment for complainant, and respondents appeal. Affirmed as to the respondent Donald, reversed as to the other respondents, and the bill dismissed as to them, and cause remanded.

The bill alleges that complainant and one Pauline Adams were joint owners to the extent of a half interest of a life estate in and to certain lands described in the bill; that respondent J. T. Adams, the husband of Pauline Adams, acts as her agent in the transaction of business; that the above lands were rented to Tom Andrews, for part of which he was to pay $350 per year rent under a ten-year lease since 1907; the other part he was to pay 16 bales of cotton per year rent under a five-year lease beginning with 1912; that other parts of the land were rented by Harris for $40 per year, and another part of the lands was rented by J. C. Harper and J. T. Adams, both of whom are respondents, for the sum of $310 per year; that in March, 1912,

complainant's husband, Paul Davidson, left his home
and family, and has never returned, and his wherea-
bouts are still unknown; that soon after his departure
J. T. Adams, who is her said husband's brother-in-law,
made known to complainant that her husband was short
in his account with the Bank of Pine Apple, of which
bank he had been cashier, in a large sum of money, to
wit, $1,700; and that he was also indebted to respond-
ent Dr. J. G. Donald in the sum of $1,200. Adams in-
formed complainant that said indebtedness must be
paid, and that he could arrange the matter with the
bank if she would secure him by executing to him a
transfer of the rents above set out, but later informed
her that he could not arrange the matter without the
assistance of Donald, and that Donald would not come
to his assistance unless complainant would agree to
release the said Donald a part of the rents of said lands
to secure the debts due him by complainant's husband.
It is alleged that complainant was inexperienced in
business matters, did not know her liability in the prem-
ises, relied on the representations of Adams and Don-
ald, and did execute to Donald a note releasing all
claim on rent notes held by Dr. Donald for rent of the
lands for the years 1912-13, and also executed to Adams
a note, and as security a release on all the incomes,
rents, and profits that may arise from the land above
described until the note, with interest, is fully paid;
that Adams again representing that more than $1,-
000 was yet due the Bank of Pine Apple by her said
husband, induced her to sign some deed, the nature of
which she does not know, and has not been able to as-
certain, but believes it to be a deed or conveyance of
her dower interest in certain other lands owned by her
husband. The conveyances are alleged to be without
consideration, and that both the parties to whom they

[Adams, et al. v. Davidson.]

were made were interested in the Bank of Pine Apple as large stockholders and as officers. It is further alleged that the Bank of Pine Apple had an attachment against her husband with the levy upon certain lands, and his interest therein sold to satisfy the debt due from Paul Davidson to the bank ascertained to be in the sum of $2,317.98, and it is averred on information and belief that the debt due from her husband to said bank was thereby satisfied, and should have been cancelled. The bill makes J. G. Donald, Pauline Adams, Tom Andrews, J. C. Harper, Sam Harris, and the Bank of Pine Apple respondents also.

The demurrers were that the bill was multifarious; that there was a misjoinder of parties respondent, because it prays for an accounting against the Bank of Pine Apple with which the other respondents are not concerned; that Pauline Adams is not a proper party, and that the Bank of Pine Apple is not a proper party; and that there are no facts stated in the bill entitling complainant to any relief against this respondent. Each one of the respondents adopted the demurrer. The answers set up the matters discussed in the opinion.

MALLORY & MALLORY, and BONNER & MILLER, for appellant.

W. C. JONES & SON, and N. D. GODBOLD, for appellee.

Mr. Chief Justice ANDERSON delivered the opinion of the court; this case having been submitted under the new rule 46 (65 South. vii), and considered and decided thereunder.

(1) The bill in this case seeks the cancellation of a note, as well as of the transfer of certain rent notes, to J. T. Adams, also the cancellation of a deed executed

to him, though the effort to cancel the deed was abandoned upon the submission of the cause, as well as a release to certain rent notes held by Dr. Donald as collateral security for a debt of the complainant's husband, and which had been formerly hypothecated with the said Donald by the complainant's said husband.

While the bill seeks to set aside separate assignments to different persons, it seems to proceed upon the theory that all of them were contemporaneous, and were brought about by Adams and Donald, acting in part for themselves, and also for the benefit of the bank of which they were officers. In other words, the bill charges that all of the things of which she complains resulted from one transaction. The bill was not subject to demurrer for multifariousness or for misjoinder.

(2) The bill does not charge such fraud or undue influence on the part of Adams as would vitiate the transfers to him or the original note to him; and, if it did, the proof fully exonerates him.

(3) We may concede that the bill charges an equitable ground for relief as to the Adams note and transfer, upon the idea that the complainant became a surety for her husband, which is forbidden by section 4497 of the Code of 1907; yet the evidence fails to establish the fact that she became, directly or indirectly, a surety for the debt or defalcation of her husband. Her husband owed the bank, and she (the complainant) wanted the debt paid in order to avoid exposure and a suit on the indemnity bond, and she requested Adams, her husband's brother-in-law, to help her in getting the money. She got some of the money from friends, and the rest from Adams, which was paid over to the bank, and the indebtedness from her husband to the bank was to this extent extinguished. Neither she nor Adams assumed the debt of her husband, or did anything to secure said

indebtedness. What she got from Adams was used, in connection with other checks that she had, to pay the debt. There was no suretyship.

We think the facts bring this case under the influence of *Sample v. Guyer*, 143 Ala. 613, 42 South. 106.

This case is unlike the case of *Lamkin v. Lovell*, 176 Ala. 334, 58 South. 258. Here the creditor of the husband, the bank, became in no sense the creditor of the complainant, directly or indirectly; but the wife borrowed $1,700 from Adams, which she used, in connection with two checks which she got from others, in paying the bank, and which was taken by the bank in payment of the debt, and not as security for same. True, Adams was interested in, and connected with, the bank, but there is nothing to indicate that he was acting for said bank, or that he was getting the note and collateral as a mere dummy. He was simply trying to help the complainant adjust the matter, being the brother-in-law of her husband, and having been appealed to by her.

(4) As to the release of the notes to Dr. Donald, the bill, while meager in averment shows a case of suretyship for the husband, in violation of section 4497 of the Code of 1907, and the proof shows that she released the notes simply and solely as a security for an existing debt of her husband.

The chancery court properly granted the complainant relief against the respondent Donald, but erred in not dismissing the bill as to Adams and all respondents other than Donald and the tenants liable on the notes released to him by the complainant; and the decree must be, in this particular, reversed, and one is here rendered dismissing the bill as to all respondents, except Donald and the tenants owing the notes released to him, and the cause is remanded. The costs of the ap-

peal will be divided equally between the complainant and respondent Donald.

Affirmed in part, reversed and rendered in part, and remanded.

ANDERSON, C. J., and MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.