# Warren, et al. v. Crow.

### Bill to Reform and Foreclose Mortgage.

#### (Decided February 1, 1917.   73 South. 989.)

1. **Reformation of Instrument; Mistake; Evidence.**—The evidence stated and examined and held to show that 37 acres constituting the valuable part of the tract was omitted from the mortgage by mistake.

2. **Same; Quantum of Proof.**—The courts will not reform written instruments on parol proof alone unless such proof is clear and conclusive to the fact that the written instrument does not speak truly the agreement of the parties, and shows that the agreement actually made and to be put in writing but which by mistake, error or fraud on the part of the party against whom the reformation was sought, failed to be entered.

3. **Husband and Wife; Suretyship of Wife.**—Where the husband and wife desire to borrow money from one not the husband's creditor, their giving a mortgage on their homestead to secure the loan was not violative of section 4497, Code 1907, although the money was used to pay the debt of the husband, but the mortgagee did not know of such purpose.

APPEAL from DeKalb Chancery Court.

Heard before Hon. JAMES E. HORTON, JR.

Bill by J. O. Crow against F. M. Warren and wife to reform and foreclose a mortgage. Decree for complainant and respondents appeal. Affirmed.

(See also 195 Ala. 568, 71 South. 92.)

ISBELL & SCOTT and M. W. HOWARD, for appellants. DAVIS & BAKER, for appellee.

MAYFIELD, J.—The bill is for the reformation and foreclosure of a mortgage, and is filed by the assignee of the mortgage against the mortgagors, who are husband and wife. The reformation sought and obtained was to add to the lands accurately described in the mortgage a 37-acre tract, which, as alleged and as found by the chancellor, was intended to be conveyed, and was included in the maps and plats used in negotiating the loans secured by the mortgage, as well as in the mortgagors' written application to the appellee for the loan; but which, by mistake, was not included in the description written as to metes and bounds in the instrument itself. The equity of

[Warren, et al. v. Crow.]

the bill was denied by the answers of respondents. They introduced testimony, in support of their denials, to the effect that they never intended to include in the mortgage the 37 acres in question.

(1) We agree with the chancellor in his findings that it was intended by all the parties to the mortgage that this 37-acre tract should be included. While, of course, there is a conflict in the oral testimony of the witnesses, we are clear to the conclusion indicated. There is no doubt that the land in question was included in maps and plats which were treated by all the parties as showing the lands to be mortgaged, and also in the description of the lands intended to be mortgaged embraced in the application for the loan, and nothing appears to show that it was ever agreed that the 37 acres should be left out of the mortgage or description; hence its omission must have been by mistake or oversight in the drafting of the mortgage.

It appears that the 37 acres in question formed a part of the homestead of the mortgagors, containing the dwelling, etc., and constituting the most valuable part of the homestead; and it was certainly intended to mortgage the homestead, as the mortgage was executed so as to convey the homestead, and it was agreed by the mortgagors to insure the homestead for the benefit of the mortgagee, as his interest should appear.

All these circumstances, which are shown by writing, together with other facts and circumstances, tend to show that it was the intention of all the parties that this 37-acre tract should be included in the mortgage in question. Without the inclusion of this tract the value of the lands conveyed in the mortgage was barely sufficient to secure the amount lent and interest thereon, while with it the security was ample; and it appears that all the parties to the loan and mortgage, at the time of the negotiation, considered the security ample.

(2) It is very true that courts will not reform written instruments on parol proof alone, unless it is clear and conclusive to the fact that the written instrument does not speak truly the agreement of the parties, and shows the agreement actually made and intended to be put in writing, but which, by mistake, error, or fraud, on the part of the party against whom the reformation is sought, failed to be entered.

The evidence in this case fully meets the burden which the law places on a complainant who seeks to reform a written

instrument on account of mistakes in its drafting. The rule is well stated in the case of *Hertzler v. Stevens*, 119 Ala. 333, 24 South. 521, and it is well met in this case.

(3) The mortgagors also made their answer a cross-bill, and sought to have the mortgage canceled on the ground that it was an attempt to avoid or evade our statute (section 4497 of the Code), which forbids the wife to directly or indirectly become the surety of the husband. It is alleged that the lands mortgaged were the lands of the wife, and that they were mortgaged to secure the debt of the husband.

The cross-bill utterly fails in proof to show that the mortgage was executed to secure the debt of the husband. The relation of debtor and creditor did not exist between the parties to the mortgage, prior to the execution of the instrument. The wife as well as the husband applied to the mortgagee for a loan direct to them, and the loan was so made. The fact that one or both subsequently applied the borrowed money to the payment of a debt of the husband did not render the mortgage void by virtue of the statute. The statute does not prohibit the wife from paying the debt of the husband, but only from becoming his surety directly or indirectly.

If it were shown that the mortgage was merely intended to better secure a debt of the husband, and that the money actually paid to the wife was a part of the loan to be applied to that end —by merely changing creditors or otherwise—then the mortgage might be held to be void as having been executed in violation or evasion of an express statute; but no such facts are shown in this case. If the husband and the wife so intended it, there is nothing to show that the mortgagee was aware of any such arrangement, or that he was a party to it or was bound by it. So far as determinable from the mortgage contract itself, from the applications therefor, and from the oral contracts in reference to it, the loan was made to the wife and the husbnad jointly, and the money was paid to them to be used in whatsoever way they pleased. The mortgage was solely to secure this loan made to the wife, as well as to the husband, and not to secure any debt or demand against the husband, which was not also a demand against the wife.

The case at bar is readily distinguishable from that of *Corinth Bank v. King*, 182 Ala. 403, 62 South. 704, and from that of *Hanchey v. Powell*, 171 Ala. 597, 55 South. 97. This case is

[Singer Sewing Machine Co. v. Teasley, Judge.]

ruled by the cases of *Hollingsworth v. Hill*, 116 Ala. 184, 22 South. 460; *Sample v. Guyer*, 143 Ala. 615, 42 South. 106; *Bank v. Moragne*, 128 Ala. 157, 161, 30 South. 628; *Marbury Lumber Co. v. Woolfolk*, 186 Ala. 254, 65 South. 43; *Adams v. Davidson*, 192 Ala. 200, 68 South. 267.

This court finding no error, the decree of the chancellor is affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.