(104 So. 791)

## HALL v. BANK OF FLORALA et al.
### (4 Div. 207.)

(Supreme Court of Alabama. May 28, 1925. Rehearing Denied June 25, 1925.)

1. **Husband and wife** ⟨Key⟩171(4) — **Burden of proving mortgages on wife's property, given as security for husband's debt, held discharged as to two mortgages, but not as to others.**

In wife's suit to cancel mortgages on her property on ground they were given as security for husband's debts, in contravention of Code 1923, § 8272, evidence *held* sufficient to discharge burden of proof on plaintiff as to two mortgages, and insufficient as to two others.

2. **Husband and wife** ⟨Key⟩171(6)—**Bank acquiring mortgage after due date not innocent purchaser.**

Bank acquiring mortgage, given by wife on her property as security for husband's debts, after due date, was not innocent purchaser.

3. **Husband and wife** ⟨Key⟩171(9)—**Sums paid by mortgagee for taxes and redemption from tax sales held just charges against land of wife giving two of four mortgages, to secure husband's debts.**

Sums paid by mortgagee for taxes and redemption from tax sales *held* just charges against lands of wife, giving two of four mortgages thereon to secure her husband's debts.

4. **Husband and wife** ⟨Key⟩171(9)—**Husband's individually contracted debts to mortgagee held not proper allowances on wife's mortgage.**

Husband's debts, arising from individual transactions with bank, *held* not proper allowances on mortgage given bank by wife on her property to secure amount due under prior mortgages, two of which were given by her to secure husband's debts.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Bill in equity by S. F. Hall against the Bank of Florala and T. A. Hall. From a decree dismissing the bill, complainant appeals. Reversed and remanded.

J. D. Bailey, of Florala, and Lee & Graves, of Montgomery, for appellant.

The mortgages involved were given to secure the husband's debts, and should have

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

been canceled. Code 1923, § 8272; Eubanks v. Anniston Mer. Co., 171 Ala. 488, 55 So. 98; Richardson v. Stephens, 122 Ala. 301, 25 So. 39; Hanchey v. Powell, 171 Ala. 597, 55 So. 97; Richardson v. Stephens, 114 Ala. 238, 21 So. 949; Horton v. Hill, 138 Ala. 625, 36 So. 465; Lampkin v. Lovell, 176 Ala. 334, 58 So. 258; Elkins v. Bank of Henry, 180 Ala. 18, 60 So. 96; Corinth B. & T. Co. v. King, 182 Ala. 403, 62 So. 704.

Mulkey & Mulkey, of Geneva, and E. S. Thigpen and J. L. Murphy, both of Andalusia, for appellees.

The execution of the mortgage, embracing all prior amounts and containing additional security, was prima facie a satisfaction of the prior mortgages. Lee v. Green, 83 Ala. 491, 3 So. 785. The burden was upon the complainant to show that the debts were her husband's. Gafford v. Speaker, 125 Ala. 498, 27 So. 1003. If complainant got the benefit of the transaction, and with knowledge of the facts and circumstances agreed to pay the bank, such agreement is valid. Meyrovitz v. Levy, 184 Ala. 293, 63 So. 963. The husband was the agent for the wife. Gibson v. Wallace, 147 Ala. 322, 41 So. 960.

THOMAS, J. The bill was against the husband and a mortgagee seeking to cancel and annul certain mortgages on the wife's property on the grounds the same were given as security for the husband's debts. Bank of Florala v. Hall, 211 Ala. 56, 99 So. 299.

The subject was recently considered by this court. Lester v. Jacobs, 212 Ala. 614, 103 So. 682; Smith v. Rothschild & Co., 212 Ala. 276, 102 So. 206; Alabama Chemical Co. v. Hall, 212 Ala. 8, 101 So. 456; Rollings v. Gunter, 211 Ala. 671, 101 So. 446; Trost v. Beck, 211 323, 700 So. 472.

The amended bill contains the allegation that none of the several mortgages attacked were given to secure the indebtedness of the wife, but that of the husband, and her conveyances were merely by way of suretyship, in contravention of the statute.

There are certain uncontroverted facts, viz., that the property conveyed was complainant's; that the preliminary agreements to the giving of the mortgages were between the husband and the bank; that the wife was unlearned and not able to read or write; that she signed by mark any and all papers the husband presented and requested her to execute; that Mr. Hall attended to her business generally. She testified that she had no account with the bank, did not draw or authorize any one to draw checks against any moneys in the defendant bank, and that she was not familiar with the transactions in which she signed papers as requested by the husband. In the foregoing she is corroborated by the evidence of the defendant husband. There is conflict between the testimony of complainant and her witness, on the one hand, and that of Mr. Holloway, a former assistant clerk of the bank, on the other, as to the fact that Mrs. Hall applied to the bank for the $2,500 loan (November 18, 1916), the deposit of the proceeds to her credit, that checks thereon were in her name, and that monthly accounts or balances were made in her name and duly mailed to her by the bank.

[1] We have carefully considered the evidence as to the mortgage dated November 18, 1916, for $2,750, and we are of the opinion that the complainant has not discharged the burden of proof which was upon her (Lester v. Jacobs, supra; Warren v. Crow, 198 Ala. 670, 73 So. 989) as to said mortgage being given for the debts of the husband or to secure the same. The cases of Gibson v. Wallace, 147 Ala. 322, 41 So. 960, Mohr v. Griffin, 137 Ala. 456, 34 So. 378, and Lester v. Jacobs, supra, bear analogy to the facts as to this mortgage. Holloway testified that Mrs. Hall applied to the bank for the loan, that the purpose thereof was to furnish the moneys with which to improve her property by building the theater in which the business of a picture show was conducted, and that checks were drawn in her name against said account. The ledger sheets of the bank in evidence show the moneys to have been placed to the credit of Mrs. Hall; that they had been checked out in due course, and the canceled checks returned. Holloway and Garrett testified that checks were drawn in the name of S. F. Hall by T. A. Hall. Garrett testified that he asked Mrs. Hall if she understood that the moneys evidenced by said mortgage were advanced to her for the completion of the picture show building on her lands, and that she answered that she did so understand, or that was the purpose. In addition, the evidence further shows the husband had no property, was, or had been, involved in debt, that the facts were known to the bank, and that the security accepted was the wife's property. We concur in the finding of the lower court that the $2,750 mortgage was given to secure a loan made by the bank to Mrs. Hall, and not to her husband, notwithstanding the fact that the latter conducted the negotiations in obtaining the loan. He was her general agent in this transaction in the improvement of her said lot. However, the evidence for complainant as to the transaction was sufficient to present a direct conflict. Considering the interest and situation of the witness for complainant, and the disinterestedness of the witnesses Garrett and Holloway, who were no longer connected with the bank, we are of opinion that complainant has not discharged the burden of proof as to said mortgage.

Considering the mortgage for $520, dated April 21, 1920, Exhibit G (pages 109–111 of transcript), this should have been canceled by the decree. The note is in the plural, signed by S. F. Hall and T. A. Hall, yet it was secured by a mortgage reciting the debt of Mr.

Hall: "Know all men by these presents, this mortgage executed by T. A. Hall, party of the first part, to Bank of Florala, party of the second part." The whole tenor of the mortgage sought to be canceled is in the singular number, though it is signed by S. F. Hall and T. A. Hall, and acknowledged before J. F. Holloway. The effect of Holloway's testimony was that the mortgage represented a loan made to pay a note which was signed by Mrs. Hall to Laura P. Ray. The proceeds therefrom were not paid to Mrs. Hall or placed to her credit at the bank, but were placed to the credit of L. G. Ray, or paid to him. Mrs. Hall denies she owed the bank or the Rays any debt. The evidence of the husband showed a debt of T. A. Hall and Bob French to the bank for the amount of the Rays' paper; that Mrs. Hall was not a party to French's paper, and that Hall gave the mortgage merely as surety for French. Holloway was asked:

" * * * What do you say as to the proceeds of this $520 note?"

He answered:

"Well; the best I can remember is that S. F. Hall had a note that was in the hands of Luther G. Ray that belonged to Laura Ray—that is in my handwriting and I remember this loan was made to S. F. Hall and the proceeds of the loan placed to L. G. Ray's for Laura P. Ray for a loan which she had given Laura P. Ray."

The transcript shows the following:

"Q. Mr. Holloway, refer to the $520 mortgage and the deposit slip to L. G. Ray for $507.24; do you know whether that was Mrs. Hall's debts or Mr. Hall's debt? A. Well; I am just telling you that S. F. Hall owed the debt.

"Q. Do you know who owed the debt? A. I do not know who owed the debt—the paper was on Mrs. S. F. Hall."

The witness further said that he could not say whose debt it was; that the "mortgage was to close up an old note with S. F. Hall, and T. A. Hall signed to it." The witness later made the following explanation of his testimony:

"In the question Mr. Lee asked me a few minutes ago regarding the $507.34 deposit—at the time he asked me, I had not been refreshed by any of the papers of the bank to get myself right—you take those things it has been several years back—I have been sitting here thinking over that, and to the best of my recollection there was interest added to this note of $20 or at 8 per cent., and the balance was evidently cash check, which would make it, I figure out, a $500 loan. I haven't seen the deposit slip, but that $520 was evidently only $500 of that a loan to Mrs. Hall, and possibly the other was either cash or check for the loan; it must have been $500 and $20 interest. The more I thought of this, I wanted to explain, as it has been some little time since I handled these matters."

This mortgage, not purporting on its face to be that of Mrs. Hall, the uncertain and unsatisfactory tenor of Holloway's evidence as to it, the positive and explicit evidence of complainant and her husband as to it and its nature, convincingly discharge the burden of proof, and this item, and accrued interest thereon, should have been eliminated by the decree from the last mortgage, dated February 11, 1921, for $4,726, due February 11, 1922. This recital of the indebtedness of the husband contained in the mortgage, Exhibit G, to the testimony of C. W. Garrett (pages 109–111 of transcript), corroborated complainant's evidence. Hard v. American Trust & Savings Bank, 200 Ala. 264, 76 So. 30.

The mortgage for $618, dated September 27, 1917, purports to be the joint obligation of husband and wife. Complainant and husband denied her knowledge of its contents. Mr. Hall stated generally it was given to secure his indebtedness on "some papers at the bank." Complainant's daughter, Angia Gallis, testified that she, and not the mother, signed the mortgage. It was, however, established by the testimony of Holloway and Garrett, neither of whom is now interested in the affairs of the bank. Notwithstanding the testimony of the daughter, and in view of the positive and disinterested testimony of Holloway and Garrett, complainant has failed to show clearly and convincingly that this mortgage was given in contravention of the statute. Code 1907, § 4497; Code 1923, § 8272; Lester v. Jacobs, supra.

[2] It is conceded that only the amount of $120 was due on the Hall mortgage to Mrs. Boodleson when that paper was taken by the bank, this being a balance on a $500.00 mortgage. The bank having acquired the mortgage after its due date, no question of an innocent purchaser is presented. The testimony of Hall and wife proves it was for the husband's debt, and no part of it was that of the wife. Mrs. Hall testified that she had never seen Mrs. Boodleson, did not know her, and never had any transaction with her. The complainant has discharged the burden of proof as to the Boodleson mortgage for $500 dated January 2, 1918.

The foregoing will suffice to ascertain the just and true amount due on the $4,726 mortgage, dated February 11, 1921.

[3, 4] The sums paid by the bank for taxes and for redemption of these lands from tax sales are just and true charges against complainant's lands, which will be allowed on an accounting or final decree pursuant to this decision. The record also contains evidence that Mr. Hall had individual transactions with the banks. Witness the cashier's letter to him of June 29, 1920, that the sum of $300 would be due July 5, 1920, $100 would be due July 23, 1920, and $190 would be due July 17, 1920. These sums are not proper allowances on the $4,726 mortgage, dated February 11, 1921, if embraced in the mortgage.

The decree of the circuit court in equity is reversed, and the cause is remanded for an accounting in accordance herewith.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.