# Taylor & Co. *v.* Cockrell, *et als.*

### *Action on Promissory Notes.*

1. *Application of payments; rule as to.*—When a debtor owes two or more separate debts to the same creditor, and makes a general payment, not specifying the particular debt to which it shall be applied, the creditor may apply it at his own election; but, if the payment is made with the proceeds or sale of mortgaged property, it must be applied to the extinguishment, *pro tanto,* of the mortgage debt, unless the debtor consents to a different application.

2. *Same; recital in mortgage as indicating acquiescence in application of payments previously made.*—In an action on two notes, each secured by a separate mortgage, a question being as to the application of partial payments arising from the proceeds of sale of the mortgaged property —whether on the notes thereby secured, or on an unsecured debt—a recital in the second mortgage as to the balance remaining unpaid on the note secured by the first, is competent evidence for the plaintiff, as showing an admission by the defendant that the previous payments had been properly applied.

3. *Action on note containing waiver of exemption.*—When a waiver of exemptions is claimed, in an action on a note, it must be alleged in the complaint, and may be specially controverted; and, when controverted, the special issue must be found in favor of the plaintiff, or the waiver can not be incorporated in the judgment.

APPEAL from the Circuit Court of Greene,

Tried before the Hon. S. H. SPROTT.

[Taylor & Co. v. Cockrell et als.]

The facts are sufficiently stated in the opinion, with the addition of the charges therein referred to. That requested by the defendant, to the giving of which the plaintiff reserved an exception, was in the following language: "If the mortgages contain a lien on the crop and stock advanced, or stock bought with the money so advanced, and if the jury believe, from the evidence, that two mules were so advanced, and if the jury believe that the cotton raised, and the mules were turned over to plaintiff, the law applies the value of the cotton and the mules to the payment of the mortgage debt, and if the notes sued upon are secured by the mortgage, the value of the cotton and mules must be applied to the payment of the notes, unless the plaintiffs have satisfied the jury that the defendant, with a knowledge of the fact, consented and agreed that the cotton and the mules, or the mules, should be applied to the account, and not to the notes in the mortgage." The plaintiff excepted to the refusal of the court to charge as follows: "If the jury find, from the evidence, that the mule bought and charged in 1879, $112.50, and the mule bought and charged in 1880, $115.00, were returned by defendants and credited on account of 1880 for $167.50, and only the hire of said mules for 1879 and 1880 is claimed on the notes sued on, then the jury, in applying the credit of $167.50, will not credit the same again to either note sued on."

Wm. P. Webb, for appellants.

T. W. Coleman, and Troy, Tompkins & London, contra.

CLOPTON, J.—The action is founded on three notes; two bearing date March 24, 1879, and the other January 23, 1880. They were secured by mortgages on real and personal property, executed cotemporaneously with the notes. Payments were made in each year with a part of the property covered by the mortgages, or its proceeds. The plaintiffs made advances to the defendants during each of the years, exceeding the amount of the notes. The defendants contended that such payments should be applied to the notes secured by the respective mortgages. The plaintiffs insisted that the payments were applied to the unsecured portion of the indebtedness by the consent of the defendants. This was the main contention between the parties, as to which the evidence was conflicting. The plaintiffs offered in evidence the mortgage of January 23, 1880, the mortgage of 1879 having been previously introduced. The court admitted the mortgage, so far as it related to the note of that year, but excluded it, and instructed the jury that they were not to consider it as an admission by the defendants of

an indebtedness on the notes, secured by the mortgage of 1879, or of a correct application of the previous payments.

The general rule is, that while a creditor has the right to apply a general payment, the debtor having made no specific application, the law, in the absence of an agreement to the contrary. applies a payment realized from a particular fund in relief of such fund. On this principle a mortgagee, in the absence of an agreement with the mortgagor, is bound to apply moneys realized from the sales of property covered by the mortgage to the mortgage debt; but as between mortgagor and mortgagee, such moneys may, by the consent of the mortgagor, be applied to the payment of an unsecured debt. The consent of the defendants was, therefore, the material question in the case.—*Sanders v. Knox*, 57 Ala. 80; *Levystein & Simon v. Whitman*, 59 Ala. 345.

The mortgage of January 23, 1880, recites, among other things, that the defendants are justly indebted to the plaintiffs, "*two hundred and thirty-six 24-00 dollars, being the balance due on a mortgage executed by us on the 24th day of March, 1879 ;*" and the mortgage is executed to secure this balance as well as the other indebtedness mentioned therein. It is a cumulative security, as respects the balance due on the notes secured by the mortgage of 1879. The testimony being conflicting, it is competent for the plaintiffs to give in evidence any admission of the defendants, tending to render the truth of the contested point more satisfactory, or to impair the weight of the evidence introduced against them in respect to the alleged consent.—*Rutherford v. McIver*, 21 Ala. 750. The recitals of the mortgage are evidently an admission, not only of an indebtedness to the plaintiffs, at the date of its execution, in the amounts and on the debts stated, but also of a proper and correct application of previous payments by the consent of the defendants, given at the time the mortgage was executed, if not previously ; for by such application the debt was reduced to the sum admitted to be the balance. The admission may not be conclusive; but should have been submitted to the jury to determine its weight and sufficiency in connection with the other evidence. If evidence be relevant to the issue, the court can not reject it, nor prohibit its consideration by the jury as to any issue, which it tends to prove.

The parol evidence was offered to identify the first two notes set out in the complaint with the debt referred to, as the balance due on the mortgage of 1879. For this purpose it was competent, if parol evidence was necessary. It does not vary or contradict the terms of the mortgage. While a different consideration from that recited in a deed can not be shown, it is permissible to show a greater or less consideration of the

same character. Though the amount stated in the mortgage is less than the aggregate sum of the notes, its terms referred to a *balance* due on a larger indebtedness; and the parol evidence was admissible to identify the subject-matter, and to point out and connect the writing with the particular notes secured by the mortgage of 1879.—*Johns v. Church*, 12 Pick. 557; *Cowles v. Garrett*, 30 Ala. 341.

The charge given at the request of the defendants asserted a correct legal proposition. The charge requested by the plaintiffs is abstract, and was properly refused. There was no evidence that the defendants had been charged with the hire of the mules. It is erroneous, also, in that it omitted the requisite hypothesis, that the defendants consented to the application of the payment to the unsecured debt.

In suits upon notes, in favor of which exemptions are claimed to have been waived, the fact of waiver must be averred in the complaint, and may be specially contested by the defendant.—*Goetter, Weil & Co. v. Pickett*, 61 Ala. 387; Code, § 2849. When contested, a statement or recital of the waiver can not be embodied in the judgment, unless the plea is found untrue. The legal effect of the verdict rendered by the jury is to find the issue of waiver in favor of the defendants.

Reversed and remanded.