# Sample *v.* Guyer.

### Bill in Equity to Foreclose Mortgage.

1. *Mortgages; husband and wife; separate estate of wife.*—The only prohibition upon the power of the wife in regard to contracts, agreements, and conveyances of her separate estate, is that she cannot directly or indirectly become the surety for the husband. She can give her property away to her husband, or anybody else, and apply it, by her own hand, or through her husband, directly to the payment of his debts. She can convey it in absolute payment of such debts, or on the consideration of the transfer to her of the obligation of her husband, and can mortgage her property on these considerations.

2. *Same; same; acknowledgments.*—Where a wife executes a mortgage reciting an indebtedness of her own, the presumption is that it speaks the truth, and the burden of proof is on her to prove that it was in fact given to secure a debt of the husband.

3. *Appeal; record; failure to fully set out evidence.*—Where the rec-

[Sample v. Guyer.]

ord shows that certain depositions and exhibits were before
the court below, which do not appear therein before this Court,
the findings of the chancellor will not be reviewed. But where
it appears that such missing depositions and exhibits were in-
troduced by a party who has no interest in the matter in con-
troversy on the appeal, and the certificate of the register is
that the record is a full and complete transcript of the record
and proceedings, in so far as they apply to or affect the mat-
ter on appeal, the foregoing rule does not apply.

APPEAL from the Chancery Court of Morgan.

Heard before the Hon. W. R. FRANCIS, Special Chan-
cellor.

The bill in this case was filed by J. J. Cudd against
Millie A. Guyer, the widow of Simon L. Guyer, deceased,
and against his heirs and R. H. Sample and J. S. Turney,
and sought the foreclosure of a mortgage on certain
lands. The bill alleges the execution of the mortgage,
sought to be foreclosed, by said Millie and Simon Guyer,
and that they had also executed mortgages to said Tur-
ney and Sample separately. Sample and Turney filed
cross-bills, asking foreclosure of their respective mort-
gages, and Mrs. Guyer filed her cross-bill, setting up
among other things that the mortgage to Sample was
given as security for a debt of her husband, and that her
execution thereof was extorted by threat of prosecuting
her husband for forgery. Her evidence was to the effect
that Sample held a note purporting to be signed by her
and her husband. That she declared her signature thereto
to be a forgery. and that Sample threatened that, if she
did not execute the mortgage, he would prosecute her
husband for the forgery. Sample's testimony was to the
effect that no threat or mention of a prosecution for for-
gery was made, but that Mrs. Guyer agreed to execute the
mortgage if he would assign the note held against the
husband to her. It was shown that the said note was held
by her. On final hearing, the chancellor rendered a de-
cree holding the mortgage to Sample to be void. This ap-
peal is taken from that decree, and the rights of Mrs.
Guyer and Sample are the only ones involved in the ap-
peal.

[Sample v. Guyer.]

JOHN R. SAMPLE and E. W. GODBEY, for the appellant. —The execution of the mortgage by the appellee, in consideration of the transfer to herself of the old debt against her husband, was a valid transaction.—*Mohr. v. Griffin,* 137 Ala. 456. Acceptance of the note and its retention for years while the debtor's condition materially changed, and until after his death, ratifies every element of the transaction.—*Dent v. Long,* 90 Ala. 175.

CALLAHAN & HARRIS, *contra.*

SIMPSON, J.—The only issue in this case is between the defendant (appellee), Millie A. Guyer, and the cross-complainant (appellant), R. H. Sample; the latter seeking to enforce a mortgage executed by said defendant and her husband in favor of said cross-complainant, and the former alleging that said mortgage was given as security for the debt of her husband, and consequently is void.

Under our present married woman's law, capacity to contract is the rule, and incapacity the exception. A married woman can make all contracts, agreements and conveyances in regard to her separate estate "Except as otherwise provided by law," and the only prohibition upon her is that she cannot "Directly or indirectly become the surety for the husband."—Code of 1896, § § 2526, 2529. She has the "Right to give her property away to her husband or anybody else, and to apply it, by her own hand or through her husband, directly to the payment of his debts."—*Hollingsworth v. Hill,* 116 Ala. 184; *First National Bank of Gadsden v. Moragne,* 128 Ala. 161.

She has the right to convey her property in absolute payment of her husband's debt, or on the consideration of the transfer to her of the obligation of her husband, and she can mortgage her property for these considerations, and if she makes a mortgage reciting an indebtedness of her own the presumption is that it speaks the truth, and the burden is upon her to prove that it was, in fact, given merely as surety for her husband.—*Gafford, et al. v. Speake,* 125 Ala. 498; *Mohr v. Griffin,* 137 Ala. 456, 467; *Lunsford v. Harrison,* 131 Ala. 263.

In the present case the only testimony offered by Mrs.

Guyer, to contradict the recitals in her mortgage, is her own statement; while the son of the mortgagee, who made the transaction with her, is corroborated by the magistrate who took the acknowledgment, to the effect that she refused to become surety, but agreed to make the mortgage in consideration of a transfer to her of the note of her husband.

If the transaction was one of mere suretyship, Sample would certainly have held on to the note of the principal, and the surety would scarcely insist on holding the obligation on which alone the creditor could coerce payment from the principal, and thus release the surety.

It matters not whether the mortgagor wished to acquire the note, because she hoped to make the money out of her husband, or to fortify her own title to the land, or to suppress the evidence of forgery against her husband, or merely wished to extinguish the debt; so that her object was to acquire the note or to extinguish it, and not merely to become surety for the husband, it would be sufficient to remove the transaction from the prohibition of the statute.

The court erred in the decree, in so far as it dismissed the cross-bill of said R. H. Sample and ordered the mortgage to Sample to be cancelled.

The point is made by the attorney for appellee, in his brief, that the record shows that certain depositions and exhibits, which were before the court below, do not appear in the record before this Court, and that therefore we cannot review the finding of the chancellor.

That is a correct general principle, but, in this case, those which are not set out are shown by the note of testimony to have been introduced by one of the other parties to the bill, who has no part in the matter in controversy now before the Court. And the register certifies that this "Is a full and complete transcript of the record and proceedings   *   *   *   *   *   in so far as they apply to or affect the cross-bill of R. H. Sample, or the cross-bill of Millie A. Guyer." We hold that it is sufficiently shown that all the testimony pertaining to the issue before the Court is in the record.

The judgment of the court is reversed, and a decree

[Greenwood, *et al.* v. Trigg, Dobbs & Co.]

will be here rendered following the decree as rendered, except that it will declare that the note and mortgage of said Millie A. Guyer and her husband to said R. H. Sample is valid and binding, and that the amount of $447.00, with interest due thereon, to-wit, the sum of $549.00, is due to said R. H. Sample on the said note and mortgage; that said mortgage in favor of said Sample covers the same land, as that which is included in the mortgage in favor of J. F. Turney, and the lien of the mortgage in favor of said Turney is prior to that in favor of said Sample; so that, in the distribution of the proceeds of the sale of the lands covered by said mortgages, the amount due said Turney shall be first paid. Said decree will also declare that, as to that part of the land included in the mortgage in favor of J. J. Cudd, said Cudd's claim and lien is prior to that of said Sample; so that, out of the proceeds of the sale of the entire tract of land, if there be more than enough to satisfy the debts secured to both Turney and Cudd, then the remainder shall be appropriated, so far as necessary, to the payment of the amount due on the Sample mortgage, together with the costs in favor of said cross-complainant.

Affirmed in part and in part reversed and rendered.

McClellan, C. J., Dowdell and Denson, J.J., concurring.