# Vinegar Bend Lumber Co. *v.* Leftwich.

### Bill to Cancel Wife's Mortgage Because Surety for Husband.

(Decided July 6, 1916. 72 South. 538.)

1. **Husband and Wife; Surety of Wife.**—Where the wife borrows money from her husband's creditor, and hands it back in payment of her husband's debt, thus becoming nominally the principal debtor on a new obligation, she becomes by indirection a surety of her husband's debt within the provision of § 4497, Code 1907.

2. **Same.**—Where the wife conveyed her separate property to the husband and joined with him in the mortgage thereof to secure his debt, with the knowledge by the mortgagee of her rights in the premises, the transaction was void as violative of § 4497, Code 1907.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Annie R. Letfwich against the Vinegar Bend Lumber Company to cancel a mortgage because given to secure the husband's debt. From a decree for complainant respondent appeals. Affirmed.

R. H. & R. M. SMITH, for appellant. WEBB, MCALPINE & GROVE, for appellee.

THOMAS, J.—This is a suit to cancel a mortgage, of date July 2, 1913, made by complainant, Annie R. Leftwich, and her husband, George A. Leftwich, to respondent, the Vinegar Bend Lumber Company, a corporation, on the ground that by reason thereof the plaintiff became surety for the husband's debt. The averments of the bill are that on or before the 28th day of June, 1913, complainant was in the possession of, and owned in her individual right, the lands in question; that on said date her husband was largely indebted to the respondent corporation, and desired to furnish it security; that "the authorized officer or officers of respondent, to wit, the president and manager thereof, knew that security could not be given the said corporation by the said George A. Leftwich unless the same could be accomplished by the means hereinabove recited, and that said officer or officers, knowing that a mortgage executed by oratrix and her said husband upon the separate property of oratrix, for the purpose of securing said debt, would be void, suggested to the said George A. Leftwich that he have oratrix first deed the property to him, and then join with him in executing a mortgage, as hereinbefore shown; or, if the said officer or officers did not make such suggestion, they did know that oratrix was the wife of the said George A. Leftwich, and that the plan to have oratrix become indirectly the surety for the said debt of her husband was to be accomplished, and was accomplished, in the manner hereinbefore shown." It is further averred that on the 24th day of November, 1913, the said George A. Leftwich executed and delivered to the complainant a deed, reconveying said property to the complainant. The prayer of the bill is that said mortgage held by the Vinegar Bend Lumber Company be declared null and void, and its cancellation decreed. On final submission said mortgage was held to be in substance and effect a mortgage on the wife's property as security for her husband's debt, and to be void as contrary to the provisions of section 4497 of the Code; and its cancellation and annulment was accordingly decreed.

(1) The question here presented is different in form from that in which it was heretofore passed upon by this court. It is settled by recent decisions that when a wife borrows money from her husband's creditor and hands it back in payment of her husband's debt, thereby becoming nominally the principal debtor upon a new obligation, she thereby becomes, though by indirection, within the meaning of the statute, surety for her husband's debt.—*Hall v. Gordon,* 189 Ala. 301, 66 South. 493; *Elkins v. Bank of Henry,* 180 Ala. 18, 60 South. 96; *Lamkin v. Lovell,* 176 Ala. 334, 58 South. 258; *Staples v. City Bank & Trust Co.,* 194 Ala. 687, 70 South. 115. In the latter case Mr. Justice SOMERVILLE pertinently stated as the rule that: "If the debt sought to be enforced against the wife, or any part of it, was infected with this vice in its inception, the infection remains, regardless of renewals or changes of form. And so, with respect to the method by which the proceeds of the loan are returned to the hands of the lender, it is of no consequence whether the payment of the husband's debt is open and direct, or whether the money passes to the creditor through intermediates chosen for the purpose."

In *People's Bank of Greensboro v. Steinhart,* 186 Ala. 205, 65 South. 61, Mr. Justice ANDERSON says: "We think that the evidence in this case shows that it was the purpose and intention of the complainant's husband and the respondent bank that the proceeds of the mortgages in question should be used as an indirect security for the debt of the husband or of his grocery company, although it may in form appear to be a straight loan to the wife and a subsequent placing by her, of the proceeds to the credit of her husband."

In *Elkins v. Bank of Henry, supra,* the court said: "We recognize the fact that a wife may pay her husband's debts, that she may give him her property, and that she may borrow money and give it to him; but the statute above quoted prohibits her from becoming a surety, directly or indirectly, for his debts." ·

In *Marbury L. Co. v. Woolfolk,* 186 Ala. 254, 255, 65 South. 44, where husband and wife executed a mortgage on the property belonging to them in severalty to secure what purported to be a loan to them, it was held that the wife was prima facie liable, but that she was not estopped to show that she executed the mortgage in truth and in fact as surety for the husband in violation of section 4497 of the Code of 1907. It is there said: "Usually the result turns upon the facts, and the usual question is whether,

notwithstanding the form of the transaction, the wife has attempted to secure a debt entirely her husband's upon which she is not bound either separately or jointly."

The evidence in the *Woolfolk Case* was that the husband applied to the Marbury Lumber Company, with which he had had no previous relations, for a loan of money to be made to himself and wife to enable them to carry on a sawmill business. It is thus clear that the mortgagee had no communication whatever with the wife touching the transaction that was consummated in the loan on the joint properties of the wife and husband. In this fact, the *Marbury Case* differs from the instant case, where the evidence is clear that the Vinegar Bend Lumber Company, through its previous dealings with Leftwich, was trying to obtain security from him for a debt due by him to the company, and in this endeavor was fully informed as to the wife's interest in the property and her inability, under the statute, to become security for the husband's debt. In the *Marbury Case*, it is expressly stated in the opinion that: "If appellant had been advised of the fact that thereby appellee was becoming surety for her husband, the contract would be avoidable under the statute. But, since appellant, without negotiation or communication with the wife, accepted the statement and representations of the husband, caused the contract to be drawn to meet what it supposed to be the lawful purposes of the parties with whom it proposed to deal, and parted with its money on the faith and credit of the wife's voluntary ratification, all in bona fide reliance upon the fact that the form of the contract expressed the true purpose and intent of all the parties, to permit the wife's defense to prevail on the ground that in her separate dealing with her husband he and she intended that she should become surety for his undertaking would give effect to a fraud in law upon the appellant."

(2) It is clear from this record that the Vinegar Bend Lumber Company was informed of the true status of the title to the wife's property and of the husband's inability to secure his indebtedness to it. The method adopted to circumvent the statute did not relieve the conveyance of its infirmity under the statute.

The decree of the chancellor is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.