### LEATH et ux. v. HANCOCK.   (7 Div. 412.)

(Supreme Court of Alabama. Nov. 29, 1923.)

1. **Husband and wife ⬤⟹171(4)   Mortgage for husband's debt void as to wife's individual interest, notwithstanding recital that both were indebted.**

Notwithstanding recital in a mortgage that as consideration husband and wife were indebted to the mortgagee as evidenced by a promissory note, such recital was neutralized by absence of her signature from the notes, and, in so far as her individual interest was concerned, the mortgage was security for payment of the husband's debt and void under Code 1907, § 4497.

2. **Husband and wife ⬤⟹171(1)—Decree not limiting foreclosure to property of husband held error.**

Where a wife joined her husband in mortgage of their land to secure payment of his individual debt, a decree which did not limit foreclosure to his property was erroneous.

3. **Chattel mortgages ⬤⟹235—Money from cotton sale improperly applied on land mortgage debt.**

Where cotton was mortgaged for payment of a debt, the mortgagee, on realizing a sum from sale, in the absence of agreement by mortgagor that it could be otherwise applied, was bound to apply it on the debt and not on other debt of mortgagor secured by land mortgage.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Bill by I. E. Hancock against W. J. Leath and wife, Emma Leath. From the decree, respondents appeal. Reversed and remanded.

The bill of complaint is filed for the foreclosure of two certain mortgages on land executed by the appellants, W. J. Leath and Emma D. Leath, his wife; the one, on January 5, 1921, to secure a note for $2,000, due December 1, 1921; and the other, on January 27, 1921, to secure a note for $1,000 —both notes payable on December 1, 1921.

Each mortgage recites as its consideration the fact that W. J. Leath and Mrs. Emma D. Leath are indebted to the mortgagee, "as evidenced by one promissory note" (describing it). The notes referred to are made exhibits of the bill, and show that each was executed by W. J. Leath alone, Emma D. not joining. The $1,000 note contains a mortgage assignment of cotton receipts for 12 bales of cotton as additional security for its payment.

The answer demands strict proof of the mortgages and notes set up in the bill, and avers that, if they were in fact given, they were for the debts of W. J. Leath, the husband, and that Emma D. Leath, the wife, did not owe the debts and was a surety merely, and therefore was not bound by her mortgage conveyance of the lands which were her property and not her husband's.

On submission for decree on pleadings and proof, the evidence showed that the mortgagee received the 12 bales of cotton, which were assigned as security for the $1,000 note, and disposed of them for $1,037.64, and that he credited that amount on the $2,000 mortgage on December 21, 1921. It appeared also that a payment of $122.67 was made and credited on the $1,000 note.

The mortgages and notes were introduced in evidence. The notes were signed by W. J. Leath alone, and it does not appear that Emma D. was requested to sign them, or that she agreed to sign them. The money loaned was paid to W. J. Leath, in the absence of his wife, and none of it came into her hands.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Her only connection with the loans, so far as any testimony shows, was that she had previously spoken to the mortgagee, Hancock, about his having money to lend, and asked him to keep all he had for "them"—her husband and herself. The documentary evidence showed that, with the exception of one 40-acre tract, all the lands included in the mortgages belonged to W. J. and Emma D. Leath jointly.

A decree was rendered, granting relief, directing an accounting, and ordering that the lands in the mortgages be sold to satisfy the respective debts found due under each. The decree held, also, that the credit of $1,037.64, the proceeds of the 12 bales of cotton, should be applied to the $2,000 note. Respondents appeal from that decree.

Hugh Reed, of Center, for appellants.

A mortgagee is bound to apply moneys realized from the sale of the property covered by the mortgage to the mortgage debt. Code 1907, § 4899; Taylor v. Cockrell, 80 Ala. 236; Larry v. Brown, 153 Ala. 452, 44 South. 841; Thompson v. Jones, 200 Ala. 84, 75 South. 460; Mathews v. Mobile Co., 75 Ala. 85. A mortgage given by the wife to secure the husband's debt is void.' Code 1907, § 4497; Richardson v. Stephens, 122 Ala. 301, 25 South. 39; Street v. Alexander City Bank, 203 Ala. 97, 82 South. 111; Lamkin v. Lovell, 176 Ala. 334, 58 South. 258; Corinth Bank v. Pride, 201 Ala. 683, 79 South. 255. At most, the mortgage could be valid only to the extent of the husband's interest in the land mortgaged. Trotter v. Downs, 200 Ala. 158, 75 South. 906.

W. H. Cather, of Center, for appellee.

No brief reached the Reporter.

SOMERVILLE, J. [1, 2] The evidence in the record affords no sound basis for the finding of the trial court that the mortgage debts sought to be enforced by foreclosure are the debts of the respondent Emma D. Leath. There is nothing to show that she agreed to be bound for the payment of either of them, and the recital in the mortgage of a joint indebtedness by her and her husband is neutralized entirely by the absence of her signature from the notes. The mere fact that she inquired about getting a loan for her husband and herself, if she did, falls very far short of showing that she meant to bind herself and her property for its payment.

So far as her individual interest in the mortgaged property was concerned, the mortgages were but securities for the payment of her husband's debts, and were therefore void under the statute. Code, § 4497. The decree was therefore erroneous in not limiting the foreclosure to the property of the husband, W. J. Leath, and in granting· relief against Emma D. Leath.

[3] The court was in error also in decreeing that the proceeds of the 12 bales of cotton should be applied to the $2,000 note. That cotton was mortgaged or pledged for the payment of the $1,000 note, and, when the mortgagee realized $1,037.64 from the sale of the cotton, he was bound to apply that sum to the $1,000 note, which is to say that the law so applied it, in the absence of an agreement by Leath that it could be otherwise applied. Taylor v. Cockrell, 80 Ala. 236; Boyd v. Jones, 96 Ala. 305, 11 South. 405, 38 Am. St. Rep. 100; Larry v. Brown, 153 Ala. 452, 44 South. 841. The record shows no such agreement, and a court of equity will treat the payment as a credit on the note to which it was legally applicable.

This credit, together with another admitted credit of $122.67 on the $1,000 note, completely extinguished that debt and its mortgage security.

For the errors noted, the decree will be reversed, and the cause will be remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.