**TROST v. BECK.   (6 Div. 73.)**

(Supreme Court of Alabama.   May 22, 1924.)

Husband and wife ☞159—Wife's note in payment of husband's debt held void under statute.

Wife's note to husband's creditor in payment of husband's notes to creditor *held* void under Code 1907, § 4497, prohibiting wife from becoming husband's surety directly or indirectly.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action on promissory note by Emmitte Trost against Flora S. Beck. Judgment for defendant, and plaintiff appeals. Affirmed.

Morris Loveman, of Birmingham, for appellant.

The payment by the wife of the husband's debt is not violative of the statute. Hollingsworth v. Hill, 116 Ala. 184, 22 South. 460; Bank v. Moragne, 128 Ala. 157, 30 South. 628; Sample v Guyer, 143 Ala. 613, 42 South. 107; Thornton v. Esco, 181 Ala. 241, 61 South. 256; Hall v. Gordon, 189 Ala. 302, 66 South. 493; Bushard v. McCay, 201 Ala. 173, 77 South. 699.

Tillman, Bradley & Baldwin and John S. Coleman, all of Birmingham, for appellee.

The form of the transaction will not be allowed to defeat the statute, when the substance is an evident attempt to evade it. Lamkin v. Lovell, 176 Ala. 334, 58 South. 258; Slater v. Taylor, 31 App. D. C. 100, 18 L. R. A. (N. S.) 81; Staples v. City Bank & Trust Co., 194 Ala. 687, 70 South. 115; Continental Bank v. Clarke, 117 Ala. 292, 22 South. 988; Vinegar Bend Lbr. Co. v. Leftwitch, 197 Ala. 352, 72 South. 538; Trotter Bros. v. Downs, 200 Ala. 158, 75 South. 906; Elkins v. Bank of Henry, 180 Ala. 18, 60 South. 96; People's Bank v. Steinhart, 186 Ala. 205, 65 South. 60.

GARDNER, J. Suit by appellant against appellee upon a promissory note. The defendant is the wife of A. W. Beck, and her defense is rested upon the theory that the note sued upon was given as security for the debt of the husband in violation of section 4497 of the Code of 1907, which provides that "the wife shall not, directly or indirectly, become the surety for the husband."

The cause was tried before the court without a jury. Plaintiff rested his case upon the introduction of the note, and did not offer other proof or himself testify during the progress of the cause. The defendant and her husband testified orally before the court, and upon conclusion of the evidence the court entered judgment for defendant, from which plaintiff has prosecuted this appeal.

The evidence is without substantial conflict, and the only question here presented is whether there was proof sufficient to justify the judgment rendered. The note bears date January 1, 1918, and is made due "one day after date." On this date and for many years prior thereto defendant and A. W. Beck had been man and wife. At the time of the execution of this note by defendant, her husband was indebted to the plaintiff in the sum of $4,000, evidenced by several promissory notes. The defendant knew that her husband was due the plaintiff this sum, and she signed the note at her husband's request, stating "the plaintiff, Trost, wanted her note, and A. W. Beck asked her to sign it." She received no consideration of any character for the execution of this note. From the testimony of A. W. Beck, the husband, we set out the following pertinent excerpt:

"That he had had a conversation with Mr. Trost prior to the execution of the note by Mrs. Beck relative to the execution of the note to take care of his indebtedness. That Mr. Trost said he would be glad to extend the paper if Mrs. Beck would give her note instead of his note; that he, the plaintiff, would rather have her note than his note, and the plaintiff requested him to ask Mrs. Beck to execute her note; that he did so; that he made out the note and took it to his wife and requested her to sign it, and that she did so; and that he then returned the defendant's note to Mr. Trost; that upon giving the plaintiff his wife's note the plaintiff returned his notes marked 'Paid' as shown by the indorsements thereon; that plaintiff returned his notes and that he, at the time they were returned to him, tore off his signature. That he had kept these notes returned to him in his possession ever since that time. That Mrs. Beck's, the defendant's, name was not signed to the notes given by him. That after Mrs. Beck gave her $4,000 note and it was delivered to Mr. Trost, that Mrs. Beck got no money, nor did she ever get any money after the execution of the note by her. That at the time of the execution by Mrs. Beck of the note sued on his debt was owing, and that he had gotten all the money represented by these notes, and that Mrs. Beck, his wife, had gotten none of it. * * * That Mr. Trost was pressing him for payment of the notes and that in order to settle these notes, or to surrender these notes into his possession, Mr. Trost required, or requested the execution of a note by Mrs. Beck to take up these notes of his."

It thus appears from the foregoing that the transaction resulting in the execution of this note by the wife was had directly with the husband's creditor, who was pressing the latter for payment, and who requested the husband to have the wife to execute the note. We are of the opinion that the principle embraced in the case of Lamkin v. Lovell, 176 Ala. 334, 58 South. 258, controls this cause adversely to appellant's contention.

In Staples v. City Bank & Trust Co., 194 Ala. 687, 70 South. 115, after citing the above authority, the court pointed out the fundamental distinctions between a loan secured from the husband's creditor and one secured from a third person who was without interest in the fund; and the law looks to the intention and result rather than the means employed in scrutinizing transactions of this character. In Lamkin v. Lovell, supra, this court quoted with approval from the Court of Appeals of Kentucky in Third Nat. Bank v. Tierney, 110 S. W. 293, 18 L. R. A. (N. S.) 81. The statute there under consideration was similar to ours, and the facts bear close analogy to the instant case. The following quotations from that authority are here directly applicable:

"When the creditor of the husband takes in satisfaction of his debt the obligation of the wife, the wife is in effect becoming the surety of the husband; and the creditor accepts her note with the intention of looking to her for its payment. The fact that it is the creditor of the husband * * * that he accepts the obligation of the wife in discharge of the debt of her husband * * * is the essential thing that places his relation to the transaction in a different attitude from that of the person who, as an original business proposition, lends the wife money to do with as she pleases, and who derives no benefit or advantage, except such as grows out of the interest or profit he may secure from the loan of the money. When the wife executes her note to take up the debt of her husband, * * * she is, in the meaning of the statute, assuming the debt of another, the same as if her name was signed as surety to a writing promising to pay the debt. The form of the transaction will not be allowed to defeat the statute, when the substance is an evident attempt to evade it."

The case of Lamkin v. Lovell, supra, has met full approval in subsequent cases, and the principle of that authority was given full application in Staples v. City Bank & Trust Co., supra, as will, also, Elkins v. Bank of Henry, 180 Ala. 18, 60 South. 96; Peoples Bank v. Steinhart, 186 Ala. 205, 65 South. 60; Vinegar Bend Lbr. Co. v. Leftwich, 197 Ala. 352, 72 South. 538, and other authorities.

In Marbury v. Woolfolk, 186 Ala. 254, 65 South. 43, with reference to cases of this character, the court said:

"Usually the result turns upon the facts, and the usual question is whether, notwithstanding the form of the transaction, the wife has attempted to secure a debt entirely her husband's upon which she is not bound either separately or jointly."

We have carefully read and examined the authorities relied upon by counsel for appellant, among them Hall v. Gordon, 189 Ala. 301, 66 South. 493; Thornton v. Esco, 181 Ala. 241, 61 South. 255; Hollingsworth v. Hill, 116 Ala. 184, 22 South. 460; Sample v. Guyer, 143 Ala. 613, 42 South. 106. The facts in each of these cases, however, differ very materially from those in the instant case, and the conclusion here reached does not therefore conflict with any of these authorities. Indeed, in Hall v Gordon, supra, the case of Lamkin v. Lovell, supra, is expressly referred to and distinguished.

In Third Nat. Bank v. Tierney, supra, the Kentucky court answers the insistence of counsel for appellant, similar in all respects to that here made, in the following language:

"If the argument made by counsel for appellant were sound, then the creditor of the insolvent husband could secure his debt by taking in its place the obligation of the wife and thereby bind her estate, although, if the husband executed, with his wife as surety, his obligation to pay the debt or demand, she would not be liable thereon."

We look through form to substance, and, as has been previously said:

"No superficial appearance will be permitted to lead the court away from the true inwardness of the case."

We have stated in this opinion the pertinent facts which appear without dispute, and we deem a further discussion unnecessary. Suffice it to say we are persuaded the transaction comes within the prohibition of the statute, and is fully controlled by the principle announced in Lamkin v. Lovell, supra.

It results that the judgment of the court below will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.