(121 So. 534)

**HENDON v. HENDON et al.  (8 Div. 44.)**

Supreme Court of Alabama. April 4, 1929.

160

THOMAS, J. ■ The suit by the wife sought to prevent foreclosure of a mortgage, alleging that it was in violation of provisions of section 8272 of the Code of 1923.

The decisions in such suit are collected in our recent cases. Smith v. Rothschild & Co., 212 Ala. 276, 102 So. 206; Lester v. Jacobs, 212 Ala. 614, 103 So. 682; Alabama Chem. Co. v. Hall, 212 Ala. 8, 101 So. 456; Trost v. Beck, 211 Ala. 323, 100 So. 472; Rollings v. Gunter, 211 Ala. 671, 101 So. 446; Leath v. Hancock, 210 Ala. 374, 98 So. 274; Little v. People's Bank, 209 Ala. 620, 96 So. 763; Stroup v. International Life Ins. Co. (Ala. Sup.) 118 So. 752.[1] In such a case the court looks through the form to the substance and true facts. Lamkin v. Lovell, 176 Ala. 339, 58 So. 258; Smith v. Rothschild & Co., 212 Ala. 276, 102 So. 206; Ann. Code of 1928, and authorities to section 8272.

■ There was oral examination of the witness before a commissioner and not in open court. There are no presumptions on appeal in favor of the finding of the facts. Hodge v. Joy, 207 Ala. 198, 92 So. 171.

■■ At the time of the execution of the mortgage to Hampton, neither complainant nor defendant owed a debt to the mortgagee or assignee bank. So far as the last-named parties were concerned, the mortgage, when given by the wife, was for her primary obligation, though the money was used in discharging a debt of the husband, and others growing out of the detinue bond. The fact of the further transfer by the bank of that mortgage, after its law day, to Speake, one of the obligors in said bond, would not affect (under the statute [section 8272, Code]) the validity of the mortgage when given.

This case is within the influence of Stroup v. International Life Ins. Co. (Ala. Sup.) 118 So. 752;[1] Hall v. Gordon, 189 Ala. 301, 66 So. 493, and Staples v. City Bank & Trust Co., 194 Ala. 687, 70 So. 115, and was not an evasion of the statute or within the influence of Smith v. Rothschild & Co., supra, Vinegar Bend Lbr. Co. v. Leftwich, 197 Ala. 352, 72 So. 538, and Morriss v. O'Connor, 206 Ala. 542, 90 So. 304.

The decree of the circuit court, in equity, is affirmed.

Affirmed.

G. O. Chenault, of Decatur, for appellant.

Almon & Almon, of Decatur, for appellees.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

[1] 218 Ala. 382.