143 So. 568

## BELL v. HENDERSON NAT. BANK.
### 8 Div. 397.

Supreme Court of Alabama.
Oct. 6, 1932.

Brickell & Johnston, of Huntsville, for appellant.

Watts & White, of Huntsville, for appellee.

ANDERSON, C. J.

Section 8272 of the Code of 1923 provides that "the wife shall not, directly or indirectly, become the surety for the husband." It must be observed that the only limitation put upon the right of the wife to dispose of her property is that she cannot bind it as a surety, directly or indirectly, for the debts of the husband. "She has the 'right to give her property away to her husband or anybody else, and to apply it, by her own hand or through her husband, directly to the payment of his debts.'" Sample v. Guyer, 143 Ala. 613, 42 So. 106, 107. It has been generally held that a wife may pay her husband's debts, or may give him her property, or may borrow money upon it and give the money to her husband, the only restriction being that she cannot become surety, directly or indirectly, for his debts. Elkins v. Bank of Henry, 180 Ala. 18, 60 So. 96; Hall v. Gordon, 189 Ala. 301, 66 So. 493.

As we understand the facts in this case, the wife is in no wise a surety for her husband, directly or indirectly. She owned certain real estate and conveyed it to him absolutely, which she had the right to do, and he then had the right to do with it as he pleased. It was then his property and not hers, and it matters not the purpose for which she gave it to him as there is nothing in this record to show that the conveyance to the husband was not absolute although she may have conveyed it to him to enable him to borrow money as testified to by Richardson, the notary, and herself. This court has held several times that the wife cannot take a circuitous route to evade the statute, but we know of no case where this court has applied the doctrine of suretyship when the wife owned property and deeded it to her husband, as here, because he subsequently borrowed money on it and used it, or some of it, to pay his debts.

The cases of Hill v. Hill, 217 Ala. 235, 115 So. 258, and Crowder v. Crowder, 217 Ala. 230, 115 So. 256, are unlike the present case and did not involve the conveyance by the husband to a third person, but sought merely to cancel deeds from the wife to the husband and applied the general rule as to dealings between persons occupying confidential relations. Here, the wife made the husband a deed and is questioning the right of a third person, who holds under the husband, and the complainant has not met the burden of proof of showing that the bank conspired with the husband and wife to concoct a scheme for the purpose of evading the law. There may be a suspicion or conjecture that such was the case, but the proof falls short of the requirement to show that the deed to the husband was the result of a fraudulent scheme practiced on her by the husband and participated in by the bank.

The case of Henderson v. Brunson, 141 Ala. 674, 37 So. 549, was one to declare a deed made by the wife and husband to the husband's creditor, a mortgage, and which was given to secure the husband's debt. It did not, as here, involve the rights of a purchaser from the husband to whom the wife had conveyed the property and where the proof fails to connect the third party with practicing or participating in any fraud on the wife.

The case of Vinegar Bend Lmbr. Co. v. Leftwich, 197 Ala. 352, 72 So. 538, comes nearer covering the case at bar than any we find, and would support the appellant's contention but for one important distinction. In said case it appears that very shortly after making the mortgage by the husband, to whom the wife had conveyed her property for that purpose, the husband reconveyed the property to her. This indicated that the conveyance to the husband was not to be absolute, but he was to have a mere temporary title to the land and was to reconvey the property to her after he had mortgaged the same and which fact was known to the mortgagee. Here, we have a case where the wife made an unconditional

conveyance to the husband with no strings tied to it, so far as disclosed by this record. There is nothing to indicate that he was to be clothed with a mere temporary title and was to reconvey the property to her after he had mortgaged same. This being the case, the husband had the right to dispose of it as he saw fit, it was no longer the wife's and she was in no sense his surety. True, the proof shows that she conveyed it to him to borrow money, but that does not negative an unconditional conveyance or show that the property was to be reconveyed to her after the mortgage was executed and which was, in fact, not done and which the evidence fails to show was understood or agreed to be done.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.