**ADAMS v. BURNETT.**\*
No. 4673.

Court of Appeal of Louisiana, Second Circuit.
Nov. 3, 1933.

\*Rehearing denied December 1, 1933.

Hoye Grafton, of Shreveport, for appellant.

Jack & Jack, of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiff seeks to recover from defendant the cost of labor and material alleged to be necessary to restore his Ford car to the condition it was in before being damaged by defendant's car while operated by him, and for $1 per day for the loss of use of said car from the date it was damaged until damage is paid.

Plaintiff alleges that at about 8 o'clock in the evening of January 6, 1933, his car was parked, unoccupied, in gear, and with brakes set, next to the east curb, facing north, on Tulsa street, in the city of Shreveport; that defendant, at said hour, was traveling north on said Tulsa street, at an unlawful rate of speed, possibly 50 miles per hour, and this, coupled with his lack of attention to his surroundings, and the failure on his part to keep a proper lookout for the position and movements of other cars, caused him to run into and damage petitioner's car. It is also alleged that the brakes of defendant's car were defective, and that these were not applied by him, when so doing would have averted the collision resulting in said damage.

Defendant denies the allegations of plaintiff's petition in so far as they relate to the nature and extent of the collision and his responsibility therefor. In the alternative, should it be shown that his car collided with plaintiff's, then he avers that the collision was not caused by any negligence on his part, but was caused " * * * solely through the negligence of the driver of an automobile, the name of the driver being unknown, in proceeding at a rapid rate of speed out of 60th Street and into the intersection of 60th Street and Tulsa Street, into the path of your respondent's automobile as he was proceeding north on Tulsa Street and after your respondent had entered the intersection of said streets and thus presenting an emergency and that in an effort to avoid a collision with the automobile of the unknown driver, your respondent swerved his car back to the right in an attempt to straighten out the said automobile in the direction in which it was traveling.

"15. Your respondent shows that it was only after the said emergency had presented itself and your respondent had avoided a collision with the automobile driven by the unknown driver and had pulled his car back to the right as alleged in the foregoing paragraph, that any collision or contact was made with any automobile parked on the right hand side of Tulsa Street in proceeding north on said avenue."

Further, in the alternative, should it be found and held that his negligence to any extent caused or contributed to said collision, that plaintiff cannot recover on that account because of his own contributory negligence in that his automobile was parked without lights of any kind thereon, in violation of an ordinance of the city of Shreveport, and the laws of the state, relative to the parking and lighting of cars at night.

Before filing answer, defendant interposed an exception of no cause and no right of action. This was overruled. There was judgment of the city court for plaintiff, and defendant appeals.

■■ In this court defendant insists upon said exception. This exception is leveled at the alleged failure of plaintiff to set forth that he has sustained any damage as the re-

sult of the collision between the two cars, for which defendant could be held responsible. Exceptor, after quoting paragraphs X and XI of plaintiff's petition, says that: " * * * The plaintiff nowhere in that paragraph or any other part of his petition, alleges that the items set out in that paragraph were the result of the collision with the automobile of Mr. Burnett. He nowhere alleges that he sustained damages to the various parts of his automobile in that collision. This paragraph is merely an allegation of a conclusion or opinion as to the amount for which the defendant is indebted unto him."

We do not think this argument sound. The petition could have been made much clearer than it is in the respects against which the exception is directed, but, taken as a whole, we are of the opinion it is sufficient to disclose a cause of action for the amount of the alleged damage to plaintiff's car.

In paragraph IV of the petition, the charge is made that defendant drove his car into and against petitioner's with such force and violence that it was seriously "smashed and damaged." The collision is then alleged to have happened because of the negligence of defendant in several particulars. It is alleged in paragraph X that, "as a direct result of defendant's negligent damaging of petitioner's automobile, as above set out, defendant is justly and legally indebted to petitioner in the sum of $97.55, with legal interest from judicial demand until paid, itemized as follows." Here follows a list of the alleged damages to the car, opposite to each of which is placed certain figures to indicate the amount necessary to repair the injured part or to replace same with a new part. The total of these extensions is $97.55. It is alleged in paragraph XI "that as a direct result of defendant's negligent damaging of his automobile, petitioner suffered inconvenience and loss of use of his car," etc. The prayer for judgment, as to amounts, follows the allegations of the petition.

Damage to the car was damage to its owner. Where it appears that a plaintiff's property has been damaged on account of the actionable negligence of another—and from the petition as a whole it appears that the suit is prosecuted for the purpose of having the owner, so far as may be done by repairs to the damaged property, restored to his former status—whether such repairs have actually been made or not, or whether the owner has, or has not, contracted with another to do the repairs at the price sued for, such owner is entitled to recover the proved amount of damages to his property the measure of which is the cost of labor, parts, and material necessary to recondition the property and to restore it to its condition at the time it was damaged. A different rule is applicable when the damage is so great that the car cannot be repaired except at a cost greater than its value when injured. We think the exception was properly overruled.

### The Merits.

Tulsa street is in the southern part of the city of Shreveport. It runs north and south, and is paved. So far as the record discloses, it is not a right of way street, though generally considered as such. It is 26 feet wide from curb to curb. Sixtieth street, which runs at right angles to and crosses Tulsa street, is not hard-surfaced nor paved. It is about the same width as Tulsa. At the southeast corner of the intersection, there is a street light that fairly well illuminates the intersection and the four street corners there. At the time of the collision of defendant's car with that of plaintiff, there was a truck parked, facing south, on the west side of Tulsa street, about 30 feet from the corner, and plaintiff's car was parked on the east side of Tulsa street, next to the curb, facing north, about 100 feet from Sixtieth street. Defendant had had a doctor's prescription filled, and, with three of his children in his car, was driving north on Tulsa street, evidently, from the movements of his car after entering the intersection, at a rather rapid rate of speed. He did not reduce his speed as he approached Sixtieth street, assuming that there would be nothing in his path of travel to interfere with his progress across the intersection. However, a car, the identity of whose driver is yet unknown, was approaching the intersection, from the east, on Sixtieth street. Defendant did not observe this car until very close to it, and, to avoid a collision with it, suddenly cut his car diagonally across the intersection towards the parked truck on the west side of Tulsa street. The collision with the car coming out of Sixtieth street was averted (it turned north up Tulsa), but the truck was side-swiped by defendant's car, which then ran 70 feet diagonally across Tulsa street and rammed plaintiff's car, knocking it, with brakes on, 15 feet up the street, defendant's car turning over. Defendant's car, a Ford of light weight, traveled at least 140 feet after entering the intersection before colliding with plaintiff's car, and about midway of the distance struck the truck, which should have checked his momentum to some extent.

The intersection, where the collision occurred, was well illuminated from the street light there. Plaintiff's car and the truck could be seen from the intersection from the reflection of this light. Defendant should have seen both before entering the intersection, but he says he did not. He was using the dimmer lights of his car, which he says only illuminated a distance not exceeding 40 feet. This may have affected his ability to see very far ahead of his own car.

Defendant's own testimony convicts him of negligence that constitutes the proxi-

mate cause of the injury to plaintiff's car. That negligence consists primarily of two factors: (1) Driving his car into a street intersection, when he had not the right of way, without slowing down and bringing his car under complete control; and (2) not keeping a proper lookout for cars on Sixtieth street approaching the intersection; and, secondarily, not effectively applying his brakes at the moment of, and immediately following, collision with the truck. He states that the car on Sixtieth street and his own entered the intersection at the same time, but that the former was traveling much more rapidly than his own, yet this car succeeded in making a 90-degree turn up Tulsa street and proceeded on its way without injuring anyone, while defendant, going at a much slower rate of speed, was unable to do the same thing by going westerly on Sixtieth street. Defendant was evidently hurrying back home with medicine for his sister-in-law, and became oblivious of the proximity of Sixtieth street, or else elected to take the chance of crossing it without observing the elementary rules for his and the public's safety, and in either case there can be no serious question as to his liability for resulting damage to others. It was his plain duty to have approached the intersection at a reduced rate of speed, and, when he observed the car approaching from his right, to have brought his own car to a condition of immobility, allowing the other car to pass. This was required of him by statutory law.

Rule 11 (a) of section 3 of Act No. 21 of 1932 covers the point: "When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way." Belden v. Roberts, 3 La. App. 338.

Defendant invokes the sudden emergency doctrine as a defense, and argues the point at length. It is not applicable to a case of this character. It is a shield to one who is without fault in bringing about such a condition, or who has not contributed to it, but cannot be successfully invoked by one whose own acts of negligence have created such a condition. This has been repeatedly held by our courts. Independent Oil Ref. Co. v. Lueders, 17 La. App. 154, 134 So. 418; and cases and authorities therein cited; Quatray v. Wicker, 16 La. App. 515, 134 So. 313.

The court in this case cites many other cases which uniformly adhere to this rule. So far as we know, it is without exception.

According to defendant's own version of the accident, the most that may be said for him is that the emergency was created by the joint and concurring negligence of the driver of the car on Sixtieth street and his own. In that case, defendant would be responsible in solido with the other driver for the damages resulting from their joint negligence. No authority need be cited to sustain this proposition.

It is also argued that, as plaintiff's car, 100 feet from the intersection, had no rear lights burning when injured, such was contributory negligence of such magnitude as to bar recovery on his part. The evidence does not clearly establish that the lights were not burning on this car when run into by defendant. We think it immaterial to the question of liability of defendant. It appears very clear that he had lost control of his own car after the emergency arose at the intersection, and permitted it to aimlessly run about until checked from the impact of the collision with plaintiff's car. The presence or absence of tail-lights did not affect the result to the remotest extent.

The quantum of damages is specially discussed by both sides in briefs. There is some testimony in the case tending to show that the labor and parts necessary to recondition plaintiff's car would not cost as much as sued for, and testified to by plaintiff's witness, an experienced automobile mechanic, employed by a reputable company of the city of Shreveport. The lower court accepted the testimony offered by plaintiff on this score, and we are disposed to take the same view of it. The cheapest is not always the best when having automobiles repaired.

Plaintiff is seeking to recover $1 per day for loss of use of his car from the date of its damage until the $97.55 repair bill is paid. The lower court allowed him $5 on this account. No damage, beyond what was necessary to restore the injured car to its former condition, was proved. It was not used daily nor regularly in connection with plaintiff's business, save to convey him to it, intermittently. He suffered inconvenience, but its measure in dollars and cents has not been established. He did not hire a conveyance to take him to and from his employment, but walked or was offered free rides by his friends. In any event, recovery of damages for loss of use of a damaged automobile, used generally for pleasure and occasionally to convey the owner to his place of business, will not extend beyond the time necessary to restore the car to good condition. In this case, it is shown that plaintiff's car could have been repaired in not more than five days.

The judgment of the lower court will have to be amended by reducing it to the amount shown to be necessary to restore the damaged car to good running condition.

For the reasons assigned herein, the judgment appealed from is amended by reducing the amount thereof to $97.55, and, as thus amended, it is affirmed.