## ALABAMA FARM BUREAU CREDIT COR-
## PORATION v. HELMS.

### 4 Div. 734.

Supreme Court of Alabama.

Dec. 21, 1933.

Ballard & Ballard, of Montgomery, for appellant.

A. G. Seay, of Troy, for appellee.

THOMAS, Justice.

The bill was by the wife against the mortgagee to cancel mortgages as security for her husband's debts. The decree was that of cancellation.

■ The testimony was taken before a commissioner, and not in open court before the trial judge rendering the decree. There are no presumptions on appeal in favor of the finding of facts made. Hodge v. Joy, 207 Ala. 198, 201, 92 So. 171, and many authorities; Hendon v. Hendon, 219 Ala. 159, 121 So. 534.

■ Recent decisions in such a case are collected in Dewberry v. Bank of Standing Rock (Ala. Sup.) 150 So. 463; [1] Smith v. D. Rothschild & Co., 212 Ala. 276, 102 So. 206; Lester v. Jacobs, 212 Ala. 614, 103 So. 682; Alabama Chemical Co. v. Hall, 212 Ala. 8, 101 So. 456; Trost v. Beck, 211 Ala. 323, 100 So. 472; Rollings v. Gunter, 211 Ala. 671, 101 So. 446; Leath v. Hancock, 210 Ala. 374, 98 So. 274; Little v. People's Bank of Mobile, 209 Ala. 620, 96 So. 763; Stroup v. International Life Ins. Co., 218 Ala. 383, 118 So. 752; Hendon v. Hendon, supra. In such a case the court looks through the form to the true facts. Dewberry v. Bank of Standing Rock, supra; Lamkin v. Lovell, 176 Ala. 334, 339, 58 So. 258; Morriss v. O'Connor, 206 Ala. 542, 90 So. 304; Vinegar Bend Lumber Co. v. Leftwich, 197 Ala. 352, 72 So. 538; Smith v. D. Rothschild & Co., supra; section 8272, Ann. Code of 1928.

■ At the time of the execution of the first mortgage, complainant owed no debt to the respondent. When the mortgage was given by the wife, it was her primary obligation, though the money was used in discharging a debt of the husband incurred or to be incurred in his farming operations on the lands of another for the year 1928. The fact of the further renewals of that mortgage and the advance of additional sums to the complainant would not change the nature or validity of the 1928 mortgage.

Is, then, the case within the influence of Stroup v. International Life Ins. Co., supra; Staples v. City Bank & Trust Co., 194 Ala. 689, 70 So. 115; Hall v. Gordon, 189 Ala. 301, 66 So. 493; Marbury Lumber Co. v. Woolfolk, 186 Ala. 254, 257, 65 So. 43; Sample v. Guyer, 143 Ala. 613, 42 So. 106; Street v. Alexander City Bank, 203 Ala. 97, 82 So. 111; Warren v. Crow, 198 Ala. 670, 73 So. 989; Bell v. Farmers' Nat. Bank of Opelika, 214 Ala. 211, 106 So. 851; McDaniel v. Mellen, 223 Ala. 181, 134 So. 873; Hendon v. Hendon, 219 Ala. 159, 121 So. 534; Bushard v. McCay, 201 Ala. 173, 77 So. 699.

■ The recitals in the mortgage and application therefor, executed by the wife, to the effect that it was for and given to secure her debt, are presumptively correct, imposing the burden upon the wife attacking the mortgage under the statute, section 8272, Code. McDaniel v. Mellen, 223 Ala. 181, 134 So. 873; Sample v. Guyer, 143 Ala. 613, 42 So. 106; Lester v. Jacobs, 212 Ala. 614, 103 So. 682; Hall v. Gordon, 189 Ala. 301, 66 So. 493.

■ It will be noted that the mortgages here in question were executed to secure notes for advances to be used in the production of crops upon lands specified therein, and that appellee's contention is that, contrary to her representations when procuring the loan, she was at no time engaged in farming, but that the farming operations were carried on solely by her husband, and she, upon receiving the money advanced under the loans secured by the mortgages, gave it to her husband, and thereby became surety for his debts.

The pertinent facts are: That C. W. Helms, husband of Emma G. Helms, appellee, approached the manager of the Alabama Farm Bureau Credit Corporation concerning a crop mortgage, and stated that he was acting merely as his wife's agent, and that the farming operations would be carried on by her; that he had owned the personal property to be included in the mortgage, but that year had transferred it to his wife (see Helms' letter of date of January 11, 1928, to the mortgagee's agent); he also stated to Eric Bell that the appellee desired the loan to produce crops on land she had leased from the N. J. Bell estate, and N. J. Bell confirmed his statement, saying that it was his understanding that Emma G. Helms, appellee, was the principal in the matter.

An application for the requested loan was mailed to Mrs. Helms, which she signed and returned to the Alabama Farm Bureau Credit Corporation, together with a sworn financial statement. This application and financial sworn statement were the basis of the loan.

Eric Bell testified that all of the correspondence was carried on with Mrs. Helms; and Mr. Helms testified that most of the letters were addressed to her, that the checks were all made to her and all payments for fertilizer were made upon her order, and that he did not hear that the property was not being rented in her name until this bill was filed.

Under date of January 24, 1928, Emma G. Helms, appellee, and her husband, C. W. Helms, executed and delivered to the Alabama Farm Bureau Credit Corporation, appellant, a mortgage on a certain house and lot situated in the city of Brundidge, Ala., and on certain farming implements, live stock and all crops to be produced *by her* on land of her own or those rented, leased, or farmed by her on shares; the mortgage specifying, among other things, as follows: "* * * It being especially intended to cover the crops grown on the land known as the *land which I am farming belonging to the N. J. Bell Estate.* * * * It is hereby agreed that a material consideration for making this loan is that the money hereby secured is lent to the *maker* hereof for *the sole purpose for use in the production of crops during the current year by* the grantor, on lands hereinbefore referred to." (Italics supplied.)

---

[1] Ante, p. 484.

This mortgage was executed to secure a loan of $2,600, as evidenced by a negotiable promissory note bearing even date and payable to the Alabama Farm Bureau Credit Corporation nine months after date. At the time of making the mortgage, appellee executed a sworn statement that she was applying for the loan for the purpose of producing a crop, and that in securing the loan "I am not in any manner becoming surety for my husband's debts." C. W. Helms, husband of Emma G. Helms, certified "that the above statement is correct, and although for the purpose of better securing the said loan, I will join in the note and mortgage which may be given, yet the said loan is desired for and will be devoted to the production of a crop upon the lands owned by said wife ———, and she will not in any manner be surety for my debts."

The signature of the wife appears affixed to the note and mortgage before that of the husband, and the authority for payment as directed was signed by the complainant alone. The certificate of the wife and husband is as follows:

"I, Emma G. Helms, do hereby certify that I own, in my own name, lease acres of farming land ——— miles in a ——— direction from ——— Alabama, and that a loan of $2,-600.00 for which I have applied to the Alabama Farm Bureau Credit Corporation is desired for the purpose of producing a crop during the year 1928, upon said land and upon the ——— acre place of my husband, leased, and in securing the said loan and in executing the necessary notes and mortgages in connection therewith, I am not in any manner becoming surety for my husband's debts; and,

"I, C. W. Helms, husband of Emma G. Helms, do hereby certify that the above statement is correct and although for the purpose of better securing the said loan, I will join in the note and mortgage which may be given, yet the said loan is desired for and will be devoted to the production of a crop upon the lands owned by said wife ———, and she will not in any manner be surety for my debts.

"In witness whereof, we have hereunto set our hands, this the 28 day of January, 1928.
   "[Signed] Emma G. Helms
   "[Signed] C. W. Helms
"Attest:
  "[Signed] J. G. Waters N. P.

"Alabama Farm Bureau Credit Corp. Montgomery, Ala.
"You are hereby authorized to pay to the Pike County Farm Bureau the amount which I am, or will be due them this spring on account of the purchase of fertilizer; said sum not to exceed nine hundred ($900.00) dollars.
   "[Signed] Emma G. Helms
"Date Jan. 28, 1928.

"Pike County Farm Bureau, and Ala. Farm Bureau Mutual Supply Assn.
"You are hereby authorized to pay to the Alabama Farm Bureau Credit Corporation any sum accruing to me by reason of rebate on purchase price of fertilizer this season.
   "[Signed] Emma G. Helms
"Date Jan. 28, 1928."

Two other mortgages similar to the above and covering the same house and lot, farming implements, live stock, and crops to be produced during the respective current years were executed on January 25, 1929, and the other March 5, 1930—the mortgage of January 25, 1929, to secure a loan for $2,600, and evidenced by a promissory note executed January 25, 1929, payable nine months after date, and the mortgage of March 5, 1930, to secure a loan for $2,000, and evidenced by a promissory note executed March 5, 1930, payable nine months after date.

A statement (that Emma G. Helms was in no way becoming surety for her husband's debts) identical to that made by Emma G. Helms and C. W. Helms at the time of executing the first mortgage was made before executing the second.

On March 5, 1930, prior to and to procure the execution of the third mortgage, the following sworn statement was made by Emma G. Helms and certified to by C. W. Helms:

"I, Emma G. Helms, do hereby certify that *I farm in my own name, Bell Estate farming land* 5 miles in a southwest direction from Brundidge, Alabama, and that a loan of $2000.00, for which I have applied to the Alabama Farm Bureau Credit Corporation is desired for the purpose of producing a crop during the year 1930, upon said land and, in securing the said loan and in executing the necessary notes and mortgages in connection therewith, I am not in any manner becoming surety for my husband's debts; and,

"I, C. W. Helms, the husband of Emma G. Helms, do hereby certify that the above statement is correct and although for the purpose of better securing the said loan, I will join in the note and mortgage which may be given, yet the said loan is desired for and will be devoted to the production of a crop upon the lands rented by said wife, Emma G. Helms, and she will not in any manner be surety for my debts." (Italics supplied.)

On June 12, 1931, Emma G. Helms executed a statement which reads in part as follows: "I, Emma G. Helms, do hereby certify that *I am farming in my own name,* during the year 1931, *the Bell Estate farm land* five miles in a southwest direction from Brundidge, Alabama. * * * I further certify that *although the land is rented in my husband's name, he has not at any time farmed these lands other than as my agent,* and that the land was rented for me and that this

condition still exists." (Italics supplied.) C. W. Helms certifies in the same instrument that the above statement is correct.

We are of opinion, and so hold, that this case falls within the influence of the line of cases well illustrated by the decisions in Hall v. Gordon, 189 Ala. 301, 66 So. 493; Hendon v. Hendon, 219 Ala. 159, 121 So. 534; McDaniel v. Mellen, 223 Ala. 183, 134 So. 873; and Bell v. Henderson Nat. Bank, 225 Ala. 399, 143 So. 568.

The decree of the circuit court is reversed, and the cause is remanded for decree in accord herewith.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

