168 So. 674

**RUF v. DAVIS et al.**

8 Div. 684.

Supreme Court of Alabama.

June 4, 1936.

R. B. Patton, of Athens, for appellant.

J. G. Rankin, of Athens, for appellees.

KNIGHT, Justice.

Bill by appellees, complainants in the court below, to declare a deed, absolute in terms, a mortgage and for redemption.

The respondent, appellant here, demurred to the bill assigning numerous grounds therefor, but these demurrers were overruled by the court.

The bill is very similar in its essential averments to the bill filed in the case of Richardson v. Curlee et al., reported in 229 Ala. 505, 158 So. 189. We held the bill sufficient in that case as against similar demurrers filed to the bill in this cause. We do not doubt the sufficiency of the bill in this cause.

The evidence in this case was taken by deposition, and, therefore, no presumption is here to be indulged in favor of the correctness of the decree. Code, § 10276; Hodge et al. v. Joy et al., 207 Ala. 198, 92 So. 171; Hendon v. Hendon, 219 Ala. 159, 121 So. 534; Alabama Farm Bureau Credit Corporation v. Helms, 227 Ala. 636, 151 So. 589.

The chancellor held that the deed was intended as a mortgage to secure the indebtedness due from the complainants to the respondent, and that the complainants were entitled to redeem the property upon the payment of the secured debt, interest, and cost.

The only testimony which we find in the record that in any wise supports this theory of the transaction is the unsupported evidence given by John H. Davis, one of the complainants, and his testimony is not at all satisfying.

The deed was prepared by a competent attorney, at the instance of the parties, was executed in lieu of foreclosure of a mortgage then held by the complainant on the lands. It recited that the grantors realized that they were unable to pay the indebtedness secured by the mortgage held by the said Ruf, and that they were desirous of conveying the property in "satisfaction of the indebtedness secured by the mortgage," the amount of which was stated. The deed further recited that it "is distinctly understood that the grantors herein retain unto themselves the right to redeem said lands at any time until December 13, 1933."

The evidence conclusively shows that upon the execution of this deed, the respondent Ruf was put into possession of the land, and the complainant thereafter rented a small portion of the same from Ruf.

The overwhelming weight of the evidence shows that the complainants failed to redeem the land within the time agreed upon, and the evidence leaves no room to doubt that the deed was executed in lieu of a foreclosure of the mortgage, and was not intended as security for the indebtedness.

The evidence wholly fails to show that any fraud, sharp practice, or other improper conduct was resorted to by the respondent Ruf to induce the execution of the deed, or that the value of the property was in excess of the indebtedness owing.

Our conclusion is that the complainants wholly failed to prove the averments of their bill, and the lower court committed error in granting the relief prayed for therein. The bill should have been dismissed.

A decree will here accordingly be entered denying relief, and dismissing complainants' bill.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.