165 So. 850

## GARLAND v. FIRST NAT. BANK OF SCOTTSBORO et al.

### 8 Div. 717.

Supreme Court of Alabama.

Feb. 20, 1936.

Rehearing Denied March 5, 1936.

See, also, post, p. 597, 165 So. 852.

Proctor & Snodgrass, of Scottsboro, for appellant.

D. P. Wimberly, of Scottsboro, and Haralson & Son, of Fort Payne, for appellees.

ANDERSON, Chief Justice.

This is the second appeal in this case. 228 Ala. 480, 153 So. 743. We think that the law was correctly stated in the opinion of Mr. Justice Thomas. We are of the opinion, however, that the appellant mortgagor has failed to show that in giving the mortgage of January, 1930, she thereby became directly or indirectly the surety for her husband as forbidden by the statute. She made application to the appellee bank for $2,500 "to be used in trading and running my farm." She owned only a life estate in the land, and was required to take out a life insurance policy

of $2,000 as additional security. The mortgage was executed, and the amount of the loan, less the premium on the insurance policy, was placed on deposit subject to her order. There is nothing to indicate any conditions or restrictions as to the appellant's right to use or withdraw the funds or that it was to be applied to the debts of her husband. "She has the 'right to give her property away to her husband or anybody else, and to apply it, by her own hand or through her husband, directly to the payment of his debts.'" Sample v. Guyer, 143 Ala. 613, 42 So. 106, 107. It has been generally held that "a wife may pay her husband's debts, and may give him her property, or may borrow money upon it and give it [the money] to him [her husband]," the only restriction being that "she cannot become surety directly or indirectly for his debts." Elkins v. Bank of Henry, 180 Ala. 18, 60 So. 96, 97; Hall v. Gordon, 189 Ala. 301, 66 So. 493; Bell v. Henderson Nat. Bank, 225 Ala. 398, 143 So. 568.

The money having been placed by the appellee to the appellant's credit, and she having the right to withdraw or check it out without restriction, she had the right to draw it out and give it to her husband or to permit him to draw upon same which was done. While the appellant denied any express authority for her husband to check on the fund, she knew that he was doing so, and did not object, and Gay testified that she expressly authorized them to let her husband draw upon the fund, and the husband, while not admitting any express authority to draw checks upon the fund, testified that his wife knew he was doing so and got regular statements from the bank showing that he was doing so. Whether he had authority to do so or not does not show that she was a surety, but merely went to the right of the bank to honor his checks.

True, these parties had previous dealings, but as we understand the facts, the 1930 mortgage, the one here involved, was in no wise as surety for the husband's debts; it was for a new or present consideration which was placed in the bank subject to her order without let or hindrance; therefore the previous transactions were immaterial. But, if material, the weight of the evidence showed a settlement and adjustment between the appellant and the appellee in 1929, and that the appellant owed the bank nothing when the mortgage was made in 1930 which rendered a reference to the register unnecessary.

It is true that upon the former appeal this court suggested that a reference and accounting be had as to the dealings between the complainant and the bank prior to the date of the mortgage in question. After reversal, additional testimony seems to have been taken and a reference was had and the register reported that Mrs. Garland had paid the balance due of $155.39 prior to the execution of the mortgage. Therefore she did not owe the bank anything when the present mortgage was executed in January, 1930. This finding is supported by the testimony of Gay and the records of the bank, and is not seriously denied by Mrs. Garland. The trial court confirmed this finding of the register, and was justified by the evidence in doing so. But, apart from this, according to the present view we take, this is of little importance, for, had there been anything due from her previous to the execution of the mortgage in 1930, it did not enter into or become a part of the consideration of said mortgage, as the complainant received a full amount for which the mortgage was given and which was drawn out of the bank by her or through her authority.

The trial court did not err to the prejudice of the appellant, as he allowed her credits which may not have been due her, but as there has been no cross-appeal, this is of no concern to us.

The decree of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.